IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS

Houston Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cr-687 |
| | ) | |
| BENLIN YUAN and | ) | Hon. Kenneth M. Hoyt |
| FANYUE GONG, | ) | |
| | ) | |
| Defendants. | ) | |

**BENLIN YUAN'S OPPOSED MOTION FOR A BILL OF PARTICULARS**

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, Defendant Benlin Yuan hereby respectfully requests that the Court require the government to provide a bill of particulars that supplies certain critical information, detailed below, that cannot be gleaned from the indictment.

**RELEVANT BACKGROUND**

On November 28, 2025, a magistrate judge of this Court issued a criminal complaint charging Mr. Yuan with one count of conspiring to violate the Export Control Reform Act and the Export Administration Regulations by allegedly attempting to smuggle Nvidia graphic processing units and related items from the United States to China.[1] The complaint was supported by a 32-page affidavit and accompanied by an arrest warrant, which agents executed later that day at Mr. Yuan's home in Sterling, Virginia.

At the ensuing preliminary hearing on December 3, 2025, the government called Assistant Special Agent in Charge ("ASAC") Nicholas Crane, a leader in the Bureau of Industry and

---

[1] According to the government, the conspiracy began in November 2023 and continues to this day, *see* Dkt. 16 at 1, but Mr. Yuan is only alleged to have participated over a roughly three-week period spanning May and June 2025.

Security's Office of Export Enforcement, who testified after having consulted with the affiant for the complaint and the agent who interviewed Mr. Yuan immediately before his arrest. On cross-examination, ASAC Crane was asked about the numerous anonymized individuals and entities referenced in the complaint affidavit, nearly all of which he could not identify. *See* Dkt. 12 at 17:8–20:3.[2]

On December 17, 2025, the grand jury returned a three-count indictment, Dkt. 16, charging Mr. Yuan and Fanyue Gong, a person who Mr. Yuan has never heard of and certainly does not know. Compared to the voluminous affidavit supporting the single count charged in the complaint, the indictment is bare-bones, covering just two pages and setting forth nothing more than the elements of the offenses.

On January 5, 2026, the Court effectively reinstated the pretrial release order originally entered by the magistrate judge in Virginia who presided over Mr. Yuan's initial detention hearing. Dkt. 47.[3] Among the conditions of Mr. Yuan's release is that he must refrain from having direct or indirect contact with "any potential witness[es] or co-conspirators related to the instant offense[s] unless in the presence of counsel." Release Ord. at 2. In relation to this condition, the Release Order includes the following notation: "[U.S. government] to provide names to defense counsel." This is consistent with the magistrate judge's instruction from the bench during the first detention hearing. *See* Dkt. 12 at 83:6-13 (opining that it is "unfair" for the Court to order Mr. Yuan not to have contact with witnesses or co-conspirators when Mr. Yuan does not know who

---

[2] The affidavit refers to fifteen anonymized businesses and ten anonymized individuals in addition to four individuals whose identities the government did not know at the time.

[3] The original pretrial release order is Exhibit C to the government's motion to vacate this Court's pretrial release order that remains pending in the Fifth Circuit. *See* Motion, *United States v. Benlin Yuan*, No. 26-20005 (5th Cir. Jan. 15, 2026), Dkt. 23-4 (hereinafter, the "Release Order").

they are, and therefore directing the government to provide defense counsel with "a list of folks that he's not supposed to be in contact with so that he knows").

On January 9, 2026, defense counsel, having not received this list of potential witnesses and co-conspirators from the government despite the aforementioned directive, emailed government counsel, asking for it to be provided. On January 16, 2026, government counsel responded with a list of 31 individuals and entities with which Mr. Yuan is mostly unfamiliar. The list did not specify who or what was on it—in other words, the government left it to Mr. Yuan to try to divine which named individuals and entities correspond to which anonymized individuals and entities in the complaint affidavit. Discovery cannot illuminate this (or, for that matter, any other) facet of the case because, as explained in Mr. Yuan's pending motion to compel, Dkt. 62, the government has not provided a single piece of discovery to date.

## **LEGAL STANDARD**

A court has authority to direct the government to file a bill of particulars, *see* Fed. R. Crim. P. 7(f),[4] to "cure omissions of details that might enable the defendant to prepare his defense[,]" *United States v. Haas*, 583 F.2d 216, 221 (5th Cir. 1978) (internal quotation marks and citation omitted); *see also United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977) ("The purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a

---

[4] A motion for a bill of particulars must be filed either before arraignment, within 14 days thereof, or at some later time if the court permits. *See* Fed. R. Crim. P. 7(f). The defense had held out hope that the timely provision of discovery would forestall the need for a bill of particulars in this case. *Cf. United States v. Vaughn*, 722 F.3d 918, 927 (7th Cir. 2013) ("[A] bill of particulars is unnecessary if the information the defendant seeks is readily available through alternate means such as discovery."); *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) ("Full discovery . . . obviates the need for a bill of particulars."). Evidently, as evidenced by Mr. Yuan's recently filed motion to compel, that hope was misplaced. Accordingly, in filing the instant motion, Mr. Yuan also seeks the Court's leave to submit it later than 14 days after his arraignment.

subsequent prosecution."). "[T]he mere fact that a bill of particulars might require the Government to divulge part of its legal theory or identify some of the overt facts it will rely upon is not a legitimate reason to deny the motion." *United States v. McQuarrie*, No. 16-cr-20499, 2018 WL 372702, at *6 (E.D. Mich. Jan. 11, 2018). Instead, "the critical question raised by a motion for a bill of particulars is whether the defendant needs the information to adequately defend himself at trial." *Id.* (internal quotation marks and citation omitted).

"[A] district court is vested with broad discretion in deciding whether a bill of particulars should be granted." *United States v. Salazar*, No. 2:20-CR-573-2, 2020 WL 5367021, at *1 (S.D. Tex. Sept. 7, 2020) (internal quotation marks and citation omitted). In exercising that discretion, a court weighs "the complexity of the crime charged, the clarity of the indictment, and the degree of discovery and other sources of information that are available to the defense." 1 *Wright & Miller's Federal Practice & Procedure* § 130 (5th ed. 2025). In all cases, the question is *not* what the defendant knows—because he is presumed innocent, "he also should be presumed ignorant of the facts on which the charges are based." *Id.* Rather, the issue is "what the government intends to prove." *Id.*

If a court denies a defendant's request for a bill of particulars, and as a result the defendant is surprised at trial and thereby prejudiced, the defendant's conviction will be reversed. *See United States v. Montemayor*, 703 F.2d 109, 117 (5th Cir. 1983); *see also United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987) (per curiam) ("[T]he district court erred by failing to grant a bill of particulars which was vital to appellants' understanding of the charges pending and to the preparation of a defense and which would have prevented the Government in its attempt to proceed furtively.").

## **REQUESTED BILL OF PARTICULARS**

The counts of the pending indictment merely track the language of the statutes on which they are predicated. That might be sufficient for the indictment to state an offense, but not to "apprise[] [Mr. Yuan] of what he must be prepared to meet." *United States v. Gordon*, 780 F.2d 1165, 1171 (5th Cir. 1986); *see also id.* ("An indictment not framed to apprise the defendant with reasonable certainty of the nature of the accusation against him is defective, although it may follow the language of the statute." (internal quotation marks, citation, and alteration omitted)). While a lengthy affidavit supported the complaint by which Mr. Yuan was initially charged, ASAC Crane did not fill any of its numerous gaps during his testimony at the preliminary hearing—gaps that Mr. Yuan needs filled to prepare adequately for trial. Nor did the government's recent provision of a list of potential witnesses and co-conspirators, which, in the absence of any discovery or any explanation regarding who the individuals and entities on it are, has minimal value at best.

Thus, to avoid surprise at trial, the Court should order the government to provide the following particulars:

1. The identities, employers and/or corporate affiliations, and statements of all "known" persons with whom Mr. Yuan allegedly committed or conspired to commit each of the offenses charged in the indictment. *See United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir. 1979) ("A bill of particulars is a proper procedure for discovering the names of unindicted coconspirators who the government plans to use as witnesses. It is not uncommon for the trial judge to require the government to disclose their names when information is necessary in a defendant's preparation for trial." (citing *Will v. United States*, 389 U.S. 90, 99 (1967)); *Mackey*, 551 F.2d at 970 ("Informing the defendant of the names of alleged unindicted coconspirators has been held a proper use of a bill of particulars."); *United States v. Allen*, 289 F. Supp. 2d 230, 251 (N.D.N.Y. 2003) ("[T]he government must disclose the identities of all persons the government claims to have been co-conspirators during the course of the alleged conspiracy, regardless of whether they have been indicted[.]"); *United States v. MacFarlane*, 759 F. Supp. 1163, 1169 (W.D. Pa. 1991) (observing that on a motion for a bill of particulars, "the disclosure of the identity and statements of unindicted co-conspirators who the government plans to call as witnesses may be ordered").

2. When, where, and how those persons joined any conspiracy in which Mr. Yuan is alleged to have participated and the duration of their membership in any such

conspiracy. *Cf. United States v. Taylor*, 707 F. Supp. 696, 699–700 (S.D.N.Y. 1989) (ordering the government to provide a bill of particulars including, but not limited to, "[t]he dates, to the extent known, that each of the defendants allegedly joined the conspiracy[, and t]he approximate dates and locations of any meetings or conversations at which the government will contend that [the defendant] joined the conspiracy.").

3. With respect to Count One:

    a. the specific "items on the Commerce Control List";

    b. the specific "required licenses or authorizations from the Department of Commerce";

    c. the specific subsection(s) of Title 15, Code of Federal Regulations, Sections 742.6 and 764.2 that Mr. Yuan is alleged to have violated; and

    d. any and all evidence demonstrating that Mr. Yuan acted "knowingly and willfully."

4. With respect to Counts Two and Three:

    a. the specific section(s) of the Export Control Reform Act that Mr. Yuan is alleged to have violated;

    b. the specific section(s) of Title 15, Code of Federal Regulations, that Mr. Yuan is alleged to have violated; and

    c. any and all evidence demonstrating that Mr. Yuan acted "knowingly and fraudulently."

## **CONCLUSION**

For the reasons stated, Mr. Yuan respectfully asks the Court to grant this motion for a bill of particulars and require the government to provide the details requested.

Respectfully submitted,

*/s/ Alexander E. Blanchard*
John L. Brownlee (*pro hac vice*)
Ashley Akers (*pro hac vice*)
Alexander E. Blanchard (*pro hac vice*)
HOLLAND & KNIGHT LLP
1650 Tysons Boulevard, Suite 1700
Tysons, Virginia 22102
Phone: (703) 720-8600

Samuel J. Louis
HOLLAND & KNIGHT LLP
811 Main Street, Suite 2500
Houston, Texas 77002
Phone: (713) 821-7000

*Counsel for Benlin Yuan*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2026, I filed the foregoing electronically using the Court's CM/ECF system, which will send a notification of such filing to all counsel of record.

                                          */s/ Alexander E. Blanchard*
                                          Alexander E. Blanchard

**CERTIFICATE OF CONSULTATION**

I hereby certify that on January 27, 2026, counsel for the government confirmed that the government opposes the relief requested herein.

                                            */s/ Alexander E. Blanchard*
                                          Alexander E. Blanchard