UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NUMBER |
| | § | 4:25-CR-687 |
| BENLIN YUAN and | § | |
| FANYUE GONG, | § | |
| | § | |
| | § | |
| Defendants. | § | |

EXPERT NOTICE OF FORENSIC EXAMINER

The United States of America, through undersigned counsel, hereby provides notice that it intends to introduce certain evidence pursuant to Rule 702 of the Federal Rules of Evidence at the trial in this matter. Pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, the United States hereby gives notice of its intent to use expert witness testimony under Rules 702, 703, or 705, of the Federal Rules of Evidence during its case-in-chief and or rebuttal at trial.

Absent stipulation, the United States intends to introduce expert testimony from Unit Chief, Special Agent Patrick Stanton. Although the United States does not believe an expert testimony is required under the rules, in an abundance of caution, the United States is providing notice that it intends to offer testimony from Special Agent Patrick Stanton regarding the forensic examination conducted on Jack Chen's phone.

Since 2023, the Fifth Circuit has held that foundational testimony regarding Cellebrite extractions does not require expert testimony. Specifically, "[w]hen law enforcement uses Cellebrite to pull information from a phone and a lay juror would require no additional interpretation to understand that information, the party does not need to introduce the evidence through an expert." *United States v. Williams*, 83 F.4th 994, 995 (5th Cir. 2023). In *Williams*, the

investigator testified regarding "(1) his certifications as a Cellebrite Operator and a Cellebrite Physical Analyzer, (2) the data-extraction process, and (3) the evidence he obtained." *Id.* at 996. Ultimately, the Fifth Circuit found "no error, much less an abuse of discretion." *Id.* In fact, "[e]very circuit that has addressed this question—whether evidence obtained with Cellebrite technology requires **expert** testimony for admission—has answered it in the negative." *Id.* at 997 (emphasis added).

Although expert opinion is unnecessary to admit this type of evidence, Patrick Stanton would qualify as an expert. As the Unit Chief, Digital Forensic Examiner and Special Agent Patrick Stanton has the education and experience necessary to opine as to the accuracy of the forensic examinations of defendant's devices. Further, his scientific, technical and specialized knowledge will help the trier of fact understand the forensic evidence and the National Computer Forensic Laboratories' procedures.

In this case, Forensic Examiner Stanton could render opinions based on his training and experience regarding the reliability of the forensic processes in this case and, specifically, the WeChats extracted from Jack Chen's phone. He will opine that the data is reliable based on his experience and that the programs are widely used. It is anticipated that he will testify regarding the extraction process and results of the analyses conducted as stated below. The results of which have been provided to defense counsel.

Specifically, it is anticipated that Patrick Stanton will testify regarding the extraction process and results of the analyses conducted regarding witness, Jack Chen's phone, mere fact testimony, of which defense has a copy. *Id.* He will provide foundational testimony absent stipulation. His opinion is that the extraction of Chen's phone WeChat is accurate, reliable, and a regularly conducted form of examination at the National Computer Forensic Laboratory.

Although Patrick Stanton has special skills, the creation of the phone report does not require special skills. "[T]he mere use and understanding of a Cellebrite extract at trial is insufficient to require an expert." *Id.* at 998 (see footnote).

Additionally, pursuant to Rule 16, the government provides notice of the following:

- The government has attached a curriculum vitae which lists the witness's qualifications.

- The witness does NOT have any publication authored in the previous 10 years.

- The witness has not testified as an expert at trial or by deposition in the previous 4 years.

- Pursuant to Rule 16(a)(1)(G)(iv), the government has previously provided the reports containing the extractions and images conducted by Special Agent Stanton.

Special Agent Stanton will further testify to the following:

"On May 27th, 2025, at approximately 10 pm eastern time, I witnessed Mr. Chen provide consent to copy and search all the WeChat content on his iPhone 13 Pro Max with IMEI 350566104747300. I explained to him that I would perform a full dump of the phone and provide only data related to WeChat and general details about the iPhone for search and review by the government. He claimed he understood and provided his PIN to unlock the phone and again to allow the Cellebrite software to extract the data. I utilized a forensic laptop, an external solid-state drive as intermediate storage, and Cellebrite UFED 4PC version 7.72.0.45, to perform an Advanced Logical extraction. The process took approximately 1.5 hours to complete. Afterwards, I manually reviewed WeChat directly on the iPhone and took photos to

later verify a sample of results against the extraction.   The following day at approximately 2pm, I created a forensic image of the extraction and related files created during the process.

On June 5th, 2025, I created a Cellebrite Reader Report from the extraction using Cellebrite UFED Physical Analyzer version 7.71.0.42.   The process consisted of loading the extraction, running the built-in AppGenie tool, verifying the content from the photos taken at the time of extraction, and creating the report limited to WeChat content.   Then, I opened the report to verify it was limited to WeChat content.   Once verified, A working copy of the report was sent to the agent for review.   I performed no manual manipulation of data direct from the extraction."

The United States requests that defendant provide any reciprocal summary testimony notice of expert.

The United States reserves the right to supplement this notice as to this witness and additional witnesses in the future, based in part on defendant's anticipated compliance with Rule 16. The curriculum vitae will be provided to counsel.

Disclosure approved

By: _____
Patrick M. Stanton
Unit Chief, National Computer Forensic Laboratory
Digital Forensic Examiner/Special Agent
Office of Export Enforcement

Respectfully submitted,

JOHN G.E. MARCK
ACTING UNITED STATES ATTORNEY

By: _____
Liesel Roscher
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I, Liesel Roscher, attorney for the Government, hereby certify that copies of the GOVERNMENT'S EXPERT NOTICE have been provided via e-filing to counsel of record.

By: _____
Liesel Roscher
Assistant United States Attorney