UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NUMBER |
| | § | 4:25-CR-687 |
| BENLIN YUAN and | § | |
| FANYUE GONG, | § | |
| | § | |
| Defendants. | § | |

AMENDED EXPERT NOTICE OF FORENSIC EXAMINER

The United States of America, through undersigned counsel, hereby provides notice that it intends to introduce certain evidence pursuant to Rule 702 of the Federal Rules of Evidence at the trial in this matter. Pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, the United States hereby gives notice of its intent to use expert witness testimony under Rules 702, 703, or 705, of the Federal Rules of Evidence during its case-in-chief and or rebuttal at trial. The government also requests discovery pursuant to Federal Rules of Criminal Procedure 16(b)(1)(C)(i).

Absent stipulation, the United States intends to introduce foundational testimony from Homeland Security Investigations Computer Forensic Analyst, Zinasia Woolkolk. Although expert testimony is not required under the rules, in an abundance of caution, the United States is providing notice that it intends to offer testimony from Zinasia Woolfolk regarding the forensic examination conducted on a defendant Yuan's phone, thumb drive and laptop.

Since 2023, the Fifth Circuit has held that foundational testimony regarding Cellebrite extractions does not require expert testimony. Specifically, "[w]hen law enforcement uses

Cellebrite to pull information from a phone and a lay juror would require no additional interpretation to understand that information, the party does not need to introduce the evidence through an expert." *United States v. Williams*, 83 F.4th 994, 995 (5th Cir. 2023). In *Williams*, the investigator testified regarding "(1) his certifications as a Cellebrite Operator and a Cellebrite Physical Analyzer, (2) the data-extraction process, and (3) the evidence he obtained." *Id*. at 996. Ultimately, the Fifth Circuit found "no error, much less an abuse of discretion." *Id*. In fact, "[e]very circuit that has addressed this question—whether evidence obtained with Cellebrite technology requires **expert** testimony for admission—has answered it in the negative." *Id*. at 997 (emphasis added).

Although expert opinion is unnecessary to admit Cellebrite evidence, Zinasia Woolfolk would qualify as an expert based on her specialized knowledge and experience. She is qualified to testify regarding the accuracy of the programs used. Computer Forensic Analyst Zinasia Woolfolk has extensive training in Cellebrite, Forensic Explorer, and Axiom. She has experience working as a forensic analyst since 2022, where her duties include, but are not limited to, conducting digital and technical analysis.

In this case, Ms. Woolfolk used GreyKey to extract Benlin Yuan's iPhone, and she processed that data with Cellebrite. She imaged the laptop and thumb drive with an imaging tool and processed the data with Magnet Axiom. Like the facts in *U.S. v. Williams*, Ms. Woolfolk used Cellebrite. The other applications are also widely used.

In addition to her foundational testimony, testimony that does not necessitate expert notice, Ms. Woolfolk could render opinions based on her training and experience regarding the reliability of HSI's forensic processes and, specifically, the reliability of the data extracted on Yuan's devices and the extraction process referenced above. Unlike *Williams*, she could qualify

as an expert and opine as to "the program's effectiveness or reliability." *Id*. at 997. It is anticipated that she would opine the processes and applications used at the HSI, in this case, Cellebrite, GreyKey, and Magnet Axiom are accurate and reliable based on her training and experience.

It is anticipated that she will testify regarding the extraction process and results of the analyses conducted regarding Yuan's phone, mere fact testimony, of which defense has a copy. *Id*. She will provide foundational testimony absent stipulation. Her opinion is that the extraction of Yuan's devices are accurate, reliable, and a regularly conducted form of examination at HSI. The programs used are also widely accepted as industry standard applications.

Although Ms. Woolfolk has special skills, the creation of the phone report, computer image, or the thumb drive image, does not require special skills. "[T]he mere use and understanding of a Cellebrite extract at trial is insufficient to require an expert." *Id*. at 998 (see footnote).

Additionally, pursuant to Rule 16, the government provides notice of the following:

- The government has previously attached a curriculum vitae which lists the witness's qualifications.

- The witness does NOT have any publication authored in the previous 10 years.

- The witness has not testified as an expert at trial or by deposition in the previous 4 years.

- Pursuant to Rule 16 (a)(1)(G)(iv), the government has previously provided the reports containing the extractions and images conducted by Ms. Woolfolk.

The United States reserves the right to supplement this notice as to this witness and additional witnesses in the future, based in part on defendant's anticipated compliance with Rule 16.

Disclosure approved

By: *Zinasia Woolfolk*
    Zinasia Woolfolk
    Computer Forensic Analyst
    Homeland Security Investigations

Respectfully submitted,

            JOHN G.E. MARCK
            ACTING UNITED STATES ATTORNEY

By:
            Liesel Roscher
            Assistant United States Attorney
            1000 Louisiana St., Suite 2300
            Houston, Texas 77002
            Telephone: 713-567-9766
            Facsimile: 713-718- 3300

## **CERTIFICATE OF SERVICE**

I, Liesel Roscher, attorney for the Government, hereby certify that copies of the AMENDED GOVERNMENT'S EXPERT NOTICE have been provided via e-filing to counsel of record.

By: _____