# **EXHIBIT A**

| | |
|---|---|
| **From:** | Johnson, Robert (USATXS) |
| **To:** | Brownlee, John L (WAS - X71854, TYS - X78053); Mcintyre, Mark (USATXS) |
| **Cc:** | Blanchard, Alexander E (TYS - X78591); Akers, Ashley (TYS - X78583); Louis, Sam J (HOU - X56860); Feazel, Craig (USATXS); Roscher, Liesel (USATXS); Merchant, Fatema (NSD) |
| **Subject:** | RE: Brady materials |
| **Date:** | Thursday, March 5, 2026 11:26:57 AM |
| **Attachments:** | Ltr.Response.Yuan.Disc.Request.pdf |

*[External email]*

John, please see the attached letter responding to your Dec 27 letter and March 4 email below.  Thanks  –Robb

Robert S. Johnson

Assistant United States Attorney

Southern District of Texas

o: 713-567-9706

c: █████████

**From:** john.brownlee@hklaw.com <john.brownlee@hklaw.com>
**Sent:** Wednesday, March 4, 2026 11:23 PM
**To:** Mcintyre, Mark (USATXS) <Mark.Mcintyre@usdoj.gov>
**Cc:** Johnson, Robert (USATXS) <Robert.S.Johnson@usdoj.gov>; Alexander.Blanchard@hklaw.com; Ashley.Akers@hklaw.com; john.brownlee@hklaw.com; Samuel.Louis@hklaw.com; Feazel, Craig (USATXS) <Craig.Feazel@usdoj.gov>; Roscher, Liesel (USATXS) <Liesel.Roscher@usdoj.gov>; Merchant, Fatema (NSD) <Fatema.Merchant@usdoj.gov>
**Subject:** [EXTERNAL] Brady materials

Counsel,

On December 27, 2025, we sent you a letter (reattached) requesting, among other things, "<u>immediate</u> disclosure of all documents and information (in whatever form) that would tend to exculpate [Mr. Yuan] with respect to the charges in the indictment." Relatedly, we also sought:

- "any and all communications and any other records, memoranda, letters, or policy papers related to the Government's decision to permit Nvidia . . . to sell its GPUs to customers in China as announced by President Trump on or about December 8, 2025, at 4:29 pm in a Truth Social post"; and

- "any and all 'readouts' from telephone calls between President Trump and (1)

President Xi of China, as described above, and (2) anyone else on the subject of GPUs being legally sold to customers in China."

During the hearing on February 23, 2026, we highlighted these requests, specifically noting that they call for *Brady* material insofar as these records and information bear on the lawfulness of the alleged conduct at the heart of the indictment, Mr. Yuan's alleged *mens rea*, etc. To date, however, you have failed to produce anything responsive to these requests.

In addition to renewing the foregoing requests, we also ask that you obtain and produce the following from calendar year 2025:

- any and all communications, including notes, recordings, and memoranda, between employees or officials of the U.S. government, including President Trump and/or members of his staff and Cabinet, and employees of Nvidia, including but not limited to Jensen Huang, concerning potential or actual restrictions on the export of Nvidia GPUs, GPU baseboards, or GPU servers to China.

These communications, like the above-referenced categories of discovery enumerated in our letter, are Brady and integral to the preparation of Mr. Yuan's defense.

By **Monday, March 9**, please confirm that you have taken steps to obtain and produce records and information responsive to each of these requests or, if you are not doing so, please explain your rationale so that we may seek appropriate relief from the Court.

Best,

John

**John Brownlee** | **Holland & Knight**
Holland & Knight LLP
1650 Tysons Boulevard, Suite 1700 | McLean, VA 22102
800 17th Street, N.W., Suite 1100 | Washington, DC 20006
Phone 703.720.8053 | Mobile ███████
john.brownlee@hklaw.com | www.hklaw.com

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("Holland & Knight"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of Holland & Knight, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to Holland & Knight in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of Holland & Knight, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.