# EXHIBIT A

| | |
|---|---|
| **From:** | Nelson, Shawn (USATXS) |
| **To:** | Blanchard, Alexander E (TYS - X78591) |
| **Cc:** | Brownlee, John L (WAS - X71854, TYS - X78053); Akers, Ashley (TYS - X78583) |
| **Subject:** | RE: Filter Information |
| **Date:** | Monday, April 20, 2026 2:58:11 PM |
| **Attachments:** | image001.png |

*[External email]*

Alexander,

I apologize for this taking some time, but I wanted to make sure that I ran down all the relevant information for you.

At the end of last summer, the privilege issue arose, and I was assigned to review the filtered potentially-privileged materials. I believe it was in mid-September that I received a hard drive with the contents of the cell phone to be reviewed in Cellebrite and Magnet format. I attempted open the materials to review but could not because of restrictions on what software I could use on the USAO network. This included not being able to use the "CellebriteReader.exe" file or the Axiom "OpenCase.exe" file. I worked with our local IT section to try to solve those problems, but we needed assistance from the Executive Office for United States Attorneys in Washington D.C. but could not get that help because of the government shutdown.

At some point during this process, I came to the (incorrect) understanding that the universe of documents that needed to be reviewed consisted of the six documents that we have been discussing. Because only six documents needed to be reviewed, I obtained them separately from the hard drive. As I've previously said, four documents were initially cleared and produced to the prosecution team, while two documents were held back for further review. After further review, the other two documents were cleared and produced to the prosecution team.

In response to your questions and after reading the Report of Investigation you provided, I re-accessed the hard drive. I was now able to use the CellebriteReader.exe file and see the segregated potentially privileged materials from the iPhone. This was the first time I had seen these materials. These materials are a call log entry, a WeChat chat, three contacts entries, two device notifications from the "Biome" app, 104 instant messages, 25 social media posts, nine audio files (which appear to be duplicative of voice notes in the instant messages), and an image. According to the HSI filter agent these materials have NOT been shared with the prosecution team. Though they should have been contained in the hard drive that you received in discovery.

I see that the ROI that you provided says that "On September 22, 2025, AUSA S. Nelson completed the review of the filtered Apple iPhone forensic extraction and informed SA Rich that the border search could continue with the privileged material removed." That statement does not seem to be correct to the extent that it says that I completed a review of the forensic extraction from the iPhone. Indeed, I was working to access the materials at that time. But it is possible that I told SA Rich that so long as privileged materials were removed, the review of the remaining, non-privileged materials could continue.

If you are able to use Axiom Magnet or Cellebrite, I can upload the Axiom Magnet and/or Cellebrite extractions to the USAfx folder we previously used. Again, these potentially privileged materials from the iPhone have NOT been shared with the prosecution team.

Again, I apologize that this took a while to run down. Please let me know if you would like me to upload the Cellebrite and/or Axiom Magnet extractions to the cloud folder.

Let me know if you have any other questions.

--Shawn.

**Shawn J. Nelson | Assistant United States Attorney**
**Southern District of Texas | Houston Division**
**Narcotics and Organized Crime Section**
1000 Louisiana Street, Suite 2300
Houston, Texas 77002-5010
713-567-9343 (o); ███████████ (c)
shawn.nelson@usdoj.gov

---

**From:** Alexander.Blanchard@hklaw.com <Alexander.Blanchard@hklaw.com>
**Sent:** Friday, April 17, 2026 5:29 PM
**To:** Nelson, Shawn (USATXS) <Shawn.Nelson@usdoj.gov>
**Cc:** john.brownlee@hklaw.com; Ashley.Akers@hklaw.com
**Subject:** [EXTERNAL] RE: Filter Information

Yes, please see attached.

---

**From:** Nelson, Shawn (USATXS) <Shawn.Nelson@usdoj.gov>
**Sent:** Friday, April 17, 2026 6:25 PM
**To:** Blanchard, Alexander E (TYS - X78591) <Alexander.Blanchard@hklaw.com>
**Cc:** Brownlee, John L (WAS - X71854, TYS - X78053) <john.brownlee@hklaw.com>; Akers, Ashley (TYS - X78583) <Ashley.Akers@hklaw.com>

**Subject:** Re: Filter Information

*[External email]*
Can you send me the specific report you are referring to. That will help us track this down.

---

**From:** Alexander.Blanchard@hklaw.com <Alexander.Blanchard@hklaw.com>
**Sent:** Thursday, April 16, 2026 10:23:37 PM
**To:** Nelson, Shawn (USATXS) <Shawn.Nelson@usdoj.gov>
**Cc:** john.brownlee@hklaw.com <john.brownlee@hklaw.com>; Ashley.Akers@hklaw.com <Ashley.Akers@hklaw.com>
**Subject:** [EXTERNAL] RE: Filter Information

Shawn,

I'm following up on one of the issues that I initially flagged in my email below on March 12 but for which we've yet to receive a response. I've highlighted the relevant part of my email for ease of reference.

In short, both you and Robb have said that the potentially privileged documents that you've identified for us came from Mr. Yuan's laptop, yet the report says that SA Finley identified "apparently privileged materials" on Mr. Yuan's iPhone that CFA Woolfolk was asked to segregate. What were those materials, and where are they?

As you may know, the pretrial motions deadline is Monday, so it is imperative that we receive a prompt response.

Best,
Alex

---

**From:** Nelson, Shawn (USATXS) <Shawn.Nelson@usdoj.gov>
**Sent:** Friday, March 13, 2026 5:04 PM
**To:** Alexander.Blanchard@hklaw.com
**Cc:** john.brownlee@hklaw.com; Ashley.Akers@hklaw.com
**Subject:** FW: Filter Information

Mr. Blanchard,

Six items were initially flagged as potentially privileged. They are: "$R62BLRX [AC Retainer].doc," "ACH info Chase.docx," "Bylaws_Uscient_draft.doc," "Shareholders

Agreement.doc," "NameHistory.csv," and "NameHistory (2).csv." I believe these are the six files in the "Attachments" subfolder.

I have attached four of the documents, "$R62BLRX [AC Retainer].doc," "ACH info Chase.docx," "Bylaws_Uscient_draft.doc," and "Shareholders Agreement.doc." The other two, "NameHistory.csv" and "NameHistory (2).csv," are too large to attach. I can try to send them to you one at a time, each is 32 megabytes, or set up a dropbox on Monday for you to retrieve them. Let me know what you prefer.

Four of those files, "Bylaws_Uscient_draft.doc," "Shareholders Agreement.doc," "NameHistory.csv," and "NameHistory (2).csv," were quickly determined to not be privileged. Two files, "$R62BLRX [AC Retainer].doc" and "ACH info Chase.docx" were held back for further consideration. Upon further consideration, we do not believe that those files are privileged either. I believe this "4+2=6" accounts for the seeming discrepancy you reference below.

I am not sure what you are asking where you state, "where [the potentially privileged items] reside among the data that has been produced," but my understanding is that they came from the laptop. I hope that answers your question.

If I am thinking of the correct password, I will be able to look that up and send it to you on Monday.


--Shawn

---

**From:** Alexander.Blanchard@hklaw.com <Alexander.Blanchard@hklaw.com>
**Sent:** Thursday, March 12, 2026 2:11 PM
**To:** Johnson, Robert (USATXS) <Robert.S.Johnson@usdoj.gov>; john.brownlee@hklaw.com; Ashley.Akers@hklaw.com
**Cc:** Merchant, Fatema (NSD) <Fatema.Merchant@usdoj.gov>; Mcintyre, Mark (USATXS) <Mark.Mcintyre@usdoj.gov>; Feazel, Craig (USATXS) <Craig.Feazel@usdoj.gov>; Nelson, Shawn (USATXS) <Shawn.Nelson@usdoj.gov>
**Subject:** [EXTERNAL] RE: Filter Information


Robb and Shawn,

The majority of our questions below remain unanswered – please address them. We also need the enumerated documents. Additionally:

- Robb:
  - ==You mention potentially privileged items on Mr. Yuan's computer, but the report discusses potentially privileged items on his phone as well (e.g., "SA Finley completed the review of the Apple iPhone and identified all apparently privileged materials to CFA Woolfolk to be removed from the extraction."). This underscores why we need a fuller accounting of how the filter review process was designed and executed.==
  - How are you defining "prosecution team"? Is SA Rich part of it?
  - You say that "no one on the prosecution team has reviewed, nor do they have the ability to review, any of the raw, unprocessed images of any of the three Yuan devices (computer, phone, USB) that were provided to you." I'm not sure what you mean by this. You produced the "raw, unprocessed" data (e.g., the UFDR file for Mr. Yuan's phone) with the means to view it (e.g., Cellebrite Reader). So, please elaborate what you intended with this statement.
- Shawn:
  - Please email us separately, without prosecution team members copied, to address the following:
    - We need to know what the potentially privileged items are (regardless of which device they came from) and where they reside among the data that has been produced.
    - Our litigation support specialist has encountered a zip file entitled "Laptop Privileged," but it's password-protected – please send us the password. Also, the zip file has a subfolder named "Attachments" with six files in it. If there were only two items identified as potentially privileged from Mr. Yuan's computer, what accounts for the discrepancy?

Best,
Alex

---

**From:** Johnson, Robert (USATXS) <Robert.S.Johnson@usdoj.gov>
**Sent:** Thursday, March 12, 2026 10:02 AM
**To:** Blanchard, Alexander E (TYS - X78591) <Alexander.Blanchard@hklaw.com>; Brownlee, John L (WAS - X71854, TYS - X78053) <john.brownlee@hklaw.com>; Akers, Ashley (TYS - X78583) <Ashley.Akers@hklaw.com>
**Cc:** Merchant, Fatema (NSD) <Fatema.Merchant@usdoj.gov>; Mcintyre, Mark (USATXS) <Mark.Mcintyre@usdoj.gov>; Feazel, Craig (USATXS) <Craig.Feazel@usdoj.gov>; Nelson, Shawn (USATXS) <Shawn.Nelson@usdoj.gov>
**Subject:** Filter Information

*[External email]*

Alex, my understanding is that there were two items identified as potentially privileged on the Yuan computer. The filter AUSA has reviewed those items and current caselaw in more detail and has concluded that the items are not privileged. At any rate, no one on the prosecution team has reviewed those items. In addition, no one on the prosecution team has reviewed, nor do they have the ability to review, any of the raw, unprocessed images of any of the three Yuan devices (computer, phone, USB) that were provided to you. If you have specific questions about the filter process, please direct them to Shawn Nelson, the filter attorney for this case who is copied here. –RJ


Robert S. Johnson
Assistant United States Attorney
Southern District of Texas
o: 713-567-9706
c: ███████████

---

**From:** Alexander.Blanchard@hklaw.com <Alexander.Blanchard@hklaw.com>
**Sent:** Wednesday, March 11, 2026 10:19 AM
**To:** Johnson, Robert (USATXS) <Robert.S.Johnson@usdoj.gov>
**Cc:** Mcintyre, Mark (USATXS) <Mark.Mcintyre@usdoj.gov>; Merchant, Fatema (NSD) <Fatema.Merchant@usdoj.gov>; Feazel, Craig (USATXS) <Craig.Feazel@usdoj.gov>; Roscher, Liesel (USATXS) <Liesel.Roscher@usdoj.gov>; john.brownlee@hklaw.com; Samuel.Louis@hklaw.com; Ashley.Akers@hklaw.com
**Subject:** [EXTERNAL] RE: Filter Information

Robb,

We haven't received a response from the government regarding the below requests. It's imperative that we receive answers to our questions as well as the materials for which we've asked. Please confirm that the government is working to provide them and let us know when we can expect to receive them. If you don't intend to meet our requests, please tell us that promptly.

Best,
Alex

**From:** Blanchard, Alexander E (TYS - X78591)
**Sent:** Sunday, March 8, 2026 11:06 AM
**To:** 'Johnson, Robert (USATXS)' <Robert.S.Johnson@usdoj.gov>
**Cc:** Mcintyre, Mark (USATXS) <Mark.Mcintyre@usdoj.gov>; Merchant, Fatema (NSD)
<Fatema.Merchant@usdoj.gov>; Feazel, Craig (USATXS) <Craig.Feazel@usdoj.gov>; Roscher, Liesel
(USATXS) <Liesel.Roscher@usdoj.gov>; Brownlee, John L (WAS - X71854, TYS - X78053)
<john.brownlee@hklaw.com>; Louis, Sam J (HOU - X56860) <Samuel.Louis@hklaw.com>; Akers,
Ashley (TYS - X78583) <Ashley.Akers@hklaw.com>
**Subject:** RE: Filter Information

Robb,

I appreciate you identifying this report, but it raises far more questions than it answers.

As you'll recall from our conversation on Tuesday afternoon, I asked why the government
had produced filtered and unfiltered versions of data extracted from Mr. Yuan's devices
on the same hard drive. I indicated that this was unorthodox – ordinarily, the filter team
segregates potentially privileged material and produces it separately from the
prosecution team. That appears not to have happened here, raising the possibility that
members of the prosecution team had access to Mr. Yuan's attorney-client privileged
communications. This report doesn't explain how the filtered and unfiltered data made
their way on to the hard drive. So, we still need an answer on that.

Moreover, and more importantly, the report describes a disturbingly haphazard filter
review process that the defense can't begin to comprehend without answers to the
following questions:

- Why was there not a filter protocol in place before the searching of the devices
  commenced?
- Was the filter protocol that was eventually implemented approved by a judicial
  officer?
- Who were all of the members of the filter team?
- Who on the filter team, if anyone, was fluent in Mandarin?
- Which members of the prosecution team (agents and prosecutors alike) were
  exposed to privileged or potentially privileged material?
- What, exactly, did members of the prosecution team see that was privileged or
  potentially privileged?
- What sort of "software error" prevented privileged material from being removed
  from the phone extraction given to the prosecution team for review?

- D. Finley appears to have been serving as a filter agent – why was he/she helping J. Rich review purportedly non-privileged material?
- Has all of the data extracted from Mr. Yuan's devices, whether privileged, non-privileged, or potentially privileged, been produced?

In addition to filling in these gaps, please promptly produce the following:

- All versions of any filter protocol(s) or guidance that were provided to government personnel involved in the filter reviews.
- All DHS policies, procedures, or manuals regarding how agents are to conduct border searches of electronic devices.
- All DHS policies, procedures, or manuals regarding how agents are to conduct filter reviews of electronic devices, including whether a filter protocol is supposed to be in place before searching the contents of an electronic device.
- All reports, memoranda, logs, emails, text messages, audio recordings, and notes (whether typed or handwritten) relating to the filter reviews of Mr. Yuan's devices that were generated by any government personnel involved in those filter reviews, including but not limited to:
  - J. Rich
  - T. McFarren
  - Z. Woolfolk
  - S. Walker
  - D. Sweet
  - D. Finley
  - T. Sullivan
  - D. Lundberg
  - S. Nelson

If you're unwilling to comply with the foregoing requests, please let us know by COB **tomorrow** so that we may seek appropriate relief from the Court.

Best,
Alex

---

**From:** Johnson, Robert (USATXS) <Robert.S.Johnson@usdoj.gov>
**Sent:** Tuesday, March 3, 2026 3:50 PM
**To:** Blanchard, Alexander E (TYS - X78591) <Alexander.Blanchard@hklaw.com>
**Cc:** Mcintyre, Mark (USATXS) <Mark.Mcintyre@usdoj.gov>; Merchant, Fatema (NSD) <Fatema.Merchant@usdoj.gov>; Feazel, Craig (USATXS) <Craig.Feazel@usdoj.gov>; Roscher, Liesel (USATXS) <Liesel.Roscher@usdoj.gov>

**Subject:** FW: Filter Information

*[External email]*

Alex, Attached is the report about the phone extraction / filter review.  It's in the first production.  See below

---

**From:** Tyler Fox ███████████████████ >
**Sent:** Tuesday, March 3, 2026 2:35 PM
**To:** Johnson, Robert (USATXS) <Robert.S.Johnson@usdoj.gov>
**Subject:** [EXTERNAL] Filter Information

First production drive – case files – HSI Dallas Discovery – ROI number DA06DV25DA0001-012.

Further attached here for your convenience. The AUSA involved in filter was AUSA S. Nelson

Tyler Fox
Special Agent
Bureau of Industry & Security
Cell/Signal: ████████████



---

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("Holland & Knight"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of Holland & Knight, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to Holland & Knight in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of Holland & Knight, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

---

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("Holland & Knight"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of Holland & Knight, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to Holland & Knight in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of Holland & Knight, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("Holland & Knight"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of Holland & Knight, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to Holland & Knight in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of Holland & Knight, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

---

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("Holland & Knight"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of Holland & Knight, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to Holland & Knight in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of Holland & Knight, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.