IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS

Houston Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cr-687 |
| | ) | |
| BENLIN YUAN and | ) | Hon. Kenneth M. Hoyt |
| FANYUE GONG, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT BENLIN YUAN'S OPPOSED MOTION *IN LIMINE* TO
EXCLUDE CONTENT FROM COOPERATING WITNESS' WECHAT ACCOUNT**

Based on the affidavit supporting the complaint by which he was initially charged as well

as discovery that he has received thus far, Benlin Yuan anticipates that at trial, the government

will call a cooperating witness (hereinafter, "CW-1") during its case in chief. Pursuant to the Fifth

and Sixth Amendments and Rule 106 of the Federal Rules of Evidence, Mr. Yuan hereby moves

to exclude all content obtained by the government from CW-1's WeChat account.

**RELEVANT BACKGROUND**

Agents investigating this case first approached CW-1 on May 27, 2025. On that date, CW-

1 allowed the agents to download the year-to-date contents of his WeChat profile. It is apparent

from the discovery, however, that agents went back for more WeChat content shortly thereafter.

Whereas initially the agents captured the data comprehensively (insofar as they extracted it

forensically), this time, the agents selectively took photos of content—specifically, portions of text

message threads—visible on CW-1's WeChat app. The photographed WeChat communications

are not dated, and in some instances, they are not time-stamped either, but based on the defense's

reckoning, those communications appear to have been exchanged somewhere between May 28 and 30, 2025.[1]

On May 29, 2025, CW-1 sent Mr. Yuan a message on a different platform, DingTalk. In it, CW-1 conveyed that one of Mr. Yuan's alleged co-conspirators in China had separately told CW-1 to remove labels from GPUs and affix new ones. CW-1 further reported that he was asking a different alleged co-conspirator what to do. Notably, Mr. Yuan responded to this message, instructing CW-1 *not* to do this and telling CW-1 that all he was allowed to help with was simple packing work. As significantly, CW-1's message was subsequently deleted—*i.e.*, *after* he began cooperating.

## ARGUMENT

The foregoing recitation shows the collision of two disturbing facts: a cooperating witness whose incriminating message on an obscure messaging platform disappeared after the government selectively captured his communications (before evidently ceasing efforts to monitor and collect his communications altogether). The Fifth Amendment's Due Process Clause requires the government to preserve evidence that might be expected to play a significant role in a defense; the Sixth Amendment enshrines a defendant's right to confront witnesses against him; and Rule 106 embodies a rule of completeness governing evidence. Because the government's handling of CW-

---

[1] On April 15, 2026, defense counsel wrote to counsel for the government, requesting *all* of CW-1's WeChat content from between May 28 and 30, 2025. As of this motion's filing, the government has not responded. That is not entirely surprising, given the government's unresponsiveness generally, but also because the government has insisted multiple times over the last few months that it has already produced all of its witnesses' Jencks Act material. If that is accurate, it might be that the government has not provided additional WeChat communications from CW-1 in the May 28 to 30, 2025 timeframe because the government does not, in fact, have any. That does, however, underscore the problem that animates this motion—namely, the government's failure to preserve CW-1's communications, including those with alleged co-conspirators, during a critical juncture in this case.

1 has contravened each of these protections, CW-1's WeChat communications should be excluded as a sanction.

## **CONCLUSION**

For the reasons stated, the Court should grant this motion and preclude the government from introducing any content from CW-1's WeChat account.

Respectfully submitted,

*/s/ Alexander E. Blanchard*
John L. Brownlee (*pro hac vice*)
Ashley Akers (*pro hac vice*)
Alexander E. Blanchard (*pro hac vice*)
HOLLAND & KNIGHT LLP
1650 Tysons Boulevard, Suite 1700
Tysons, Virginia 22102
Phone: (703) 720-8600

Samuel J. Louis
HOLLAND & KNIGHT LLP
811 Main Street, Suite 2500
Houston, Texas 77002
Phone: (713) 821-7000

Hannah Myslik Maloney
HOLLAND & KNIGHT LLP
98 San Jacinto Boulevard, Suite 1900
Austin, Texas 78701
Phone: (512) 647-4391

*Counsel for Benlin Yuan*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2026, I filed the foregoing electronically using the Court's

CM/ECF system, which will send a notification of such filing to all counsel of record.


                                            */s/ Alexander E. Blanchard*
                                            Alexander E. Blanchard


**CERTIFICATE OF CONSULTATION**

Based on the foregoing, it is safe to say that the government opposes the relief requested

by this motion.


                                            */s/ Alexander E. Blanchard*
                                            Alexander E. Blanchard