IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS

Houston Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cr-687 |
| | ) | |
| BENLIN YUAN and | ) | Hon. Kenneth M. Hoyt |
| FANYUE GONG, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT BENLIN YUAN'S OPPOSED MOTION TO COMPEL
RESPONSE TO COURT'S RULE 17(c) SUBPOENA *DUCES TECUM***

On April 15, 2026, the Court granted Defendant Benlin Yuan's request for a Rule 17(c) subpoena *duces tecum* to Nvidia Corporation, having found the records Mr. Yuan seeks—including documents and communications regarding the relaxation of restrictions on the export of Nvidia GPUs and baseboards to China—directly relevant to Mr. Yuan's defenses, likely admissible, and specifically targeted. The Court also authorized Mr. Yuan to demand pretrial production of those records, that being the only practical way he could make use of them.

Pursuant to the Court's order, Mr. Yuan timely and properly served a valid subpoena on Nvidia, requiring it to produce responsive records by May 4, 2026. That date arrives tomorrow, yet Nvidia has indicated Mr. Yuan will not receive a single document. That is because Nvidia, as evidenced not by a "promptly" filed motion to quash, Fed. R. Crim. P. 17(c)(2), but rather its outside counsel's communications with Mr. Yuan's counsel, has unilaterally determined that it need not comply with the subpoena on the specious ground that it is invalid.[1] Nvidia's

---

[1] Nvidia's counsel notified defense counsel this evening that it would file a motion to quash the subpoena tomorrow—the day the records are due to be produced. Clearly, the subpoena has neither been quashed nor withdrawn. As such, compliance with it is not optional. Indeed, refusing to produce the records it demands is tantamount to violating a court order. *See Fisher v. Marubeni*

intransigence is untenable (given the exculpatory nature of the records Mr. Yuan seeks and considering that the trial starts in just two weeks) and prejudicial (insofar as it threatens to compromise Mr. Yuan's right to mount an adequate defense). Mr. Yuan thus requests that the Court enforce its order and compel Nvidia to immediately produce the documents set forth in the subpoena.

**RELEVANT BACKGROUND**

On February 22, 2026, Mr. Yuan moved this Court for an order authorizing a Rule 17(c) subpoena *duces tecum* to Nvidia. Mr. Yuan sought limited and targeted categories of Nvidia's corporate records, primarily concerning the relaxation of restrictions on the export of Nvidia GPUs and Nvidia baseboards to China and communications between Nvidia, including its CEO Jensen Huang, and members of the Trump Administration concerning the same. *See* ECF 89-1 at 3–4 (records requested).[2] Particularly relevant are Nvidia's documents and communications reflecting Mr. Huang's million-dollar dinner with President Trump at the President's home in Florida, during which Mr. Huang attempted to persuade President Trump not to curb sales of Nvidia's GPUs to China. This dinner, other efforts by Mr. Huang (including frequent meetings between him and President Trump), Nvidia's announcement that it would invest billions in AI infrastructure in the United States, and indicia from the Trump Administration that it would reverse course on GPU-export restrictions were widely discussed in the news as early as April 2025. By August 2025, the Trump Administration announced that it was easing restrictions on exporting certain Nvidia GPUs

---

*Cotton Corp.*, 526 F.2d 1338, 1340–41(8th Cir. 1975) ("A subpoena is a lawfully issued mandate of the court issued by the clerk thereof. It is the responsibility of every citizen to respond to this mandate, and it is within the court's power to force that response." (citing *United States v. Bryan*, 339 U.S. 323 (1950)).

[2] Mr. Yuan seeks similar records from the government as *Brady* material. The government has likewise refused to search for or produce those records.

2

to China. In December 2025, President Trump announced an additional reversal of export restrictions on the sale of other, more powerful Nvidia GPUs to China.

As explained in Mr. Yuan's motion and reply, records revealing more about these communications bear directly on the elements of the offenses with which Mr. Yuan has been charged—including whether the export of the GPUs allegedly at issue was illegal *at all* during the relevant time period and whether Mr. Yuan acted with the requisite criminal intent. *See* ECF 89-1; 110. Mr. Yuan also specifically sought the issuance of the subpoena "with pretrial return dates . . . [t]o ensure the availability of this evidence for trial." ECF 89-1 at 3.

On April 15, 2026, the Court, over the government's objection, granted Mr. Yuan's request for a Rule 17(c) subpoena *duces tecum* with pretrial return dates. ECF 117. The Court noted that this matter required "expeditious resolution" and thus announced that Mr. Yuan's motion was "Granted by a separate Order." ECF 117 at 2. While the Court has not yet entered this separate Order to further memorialize its ruling, that does not impact the Court's explicit granting of Mr. Yuan's requests for the subpoena and pretrial production. Indeed, it is Mr. Yuan's understanding that the Court swiftly granted Mr. Yuan's motion precisely so he could receive and review the records in advance of trial.

On April 23, 2026, pursuant to the Court's order, Mr. Yuan served Nvidia with the Rule 17(c) subpoena, requesting a production return date of May 4, 2026, thereby giving Nvidia ample time to respond and Mr. Yuan a mere two weeks to review the records before trial. *See* Exhibit A.

On April 28, 2026, counsel for the government contacted counsel for the defense, demanding that Mr. Yuan withdraw his validly issued subpoena on that ground that the Court had not yet filed the "separate Order" with respect to Mr. Yuan's motion. Mr. Yuan declined to do so, as the Court had already granted his request despite the government's opposition and because, in

any event, the government lacks standing to police a defendant's valid subpoena issued to a third party. On April 29, 2026, Nvidia, through counsel, informed the defense that it would not be providing any substantive responses to the subpoena, likewise citing the lack of a "separate Order"—despite this Court's order granting Mr. Yuan's motion for the Rule 17(c) subpoena—and claiming that the subpoena could not require a pretrial return date or return location other than this Court.

With his trial looming, Mr. Yuan now moves to compel Nvidia's compliance with the subpoena.

## ARGUMENT

The Court should order Nvidia to comply immediately with the valid Rule 17(c) subpoena with which it was served. The facts here are straightforward: the Court authorized a Rule 17(c) subpoena requiring pretrial production to Mr. Yuan; Mr. Yuan validly served such a subpoena on Nvidia; and Nvidia refuses to comply with it. The reasons Nvidia has proffered to justify its noncompliance are unpersuasive. As such, the Court should grant this motion and compel Nvidia to abide by the subpoena immediately.

In granting the instant subpoena, the Court rejected the government's contention that the threshold requirements for approving a Rule 17(c) subpoena—and pretrial production of the documents sought—were unsatisfied. *See* ECF 117 at 1. The test that the party requesting a Rule 17(c) subpoena must satisfy in seeking pretrial production is well-established. The party must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Nixon*, 418 U.S. 683, 700 (1974); *see also United States v. Arditti*, 955 F.2d 331, 345–46 (5th Cir. 1992). Here, Mr. Yuan's motion both explicitly requested that the Court authorize advanced production of the documents sought *and* thoroughly explained how he satisfied each prong of the *Nixon* test. And in granting Mr. Yuan's motion, the Court agreed that Mr. Yuan had done so and thus authorized him to demand that the documents sought be returned before trial. Thus, any contention that Mr. Yuan's subpoena is invalid because it requires the pretrial production of documents lacks merit. *See Nixon*, 418 U.S. at 702 (noting that authorizing the pre-trial production of documents is within the court's sound discretion); *see also Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951) (Rule 17(c)'s "chief innovation" was to "expedite the trial by providing a time and place *before* trial for the inspection of the subpoenaed materials" (emphasis added)).

Nvidia's contention that the subpoena is invalid because it requires the production of documents at defense counsel's office likewise fails. By its terms, Rule 17 does not mandate that documents responsive to a subpoena be exclusively produced to and inspected in court. *See* Fed. R. Crim. P. 17(c) (noting "the court *may* direct the witness to produce the designated items in court before trial" (emphasis added)). Absent an explicit rule to the contrary or the Court's order stating otherwise, the Court's order here granting Mr. Yuan's request for a Rule 17(c) subpoena implicitly authorized production at a location other than the Court.

Even so, courts routinely order the production of documents to defense counsel directly pursuant to Rule 17 without controversy. *See, e.g.*, *United States v. Hoeffner*, 254 F.R.D. 302, 309 (S.D. Tex. 2008) (requiring third party to produce documents sought via Rule 17(c) subpoena "to counsel for [d]efendant" without analysis or objection); *United States v. Brown*, No. H-17-567-1, 2023 WL 5672836, at *5 (S.D. Tex. Sept. 1, 2023) (same). Thus, if the Court determines that Mr.

5

Yuan's subpoena could not have mandated the return of documents at a location other than this Court absent court order *and* that the Court's April 15 order did not authorize Mr. Yuan's subpoena to do so, Mr. Yuan respectfully requests that the Court enter an order requiring Nvidia to produce the documents sought to defense counsel—whether at defense counsel's office or this Court— immediately.

**<u>CONCLUSION</u>**

For these reasons, Mr. Yuan respectfully requests that the Court enforce its order granting Mr. Yuan's request for a Rule 17(c) subpoena *duces tecum*. If the Court is not inclined to grant Mr. Yuan's motion outright without a hearing, Mr. Yuan respectfully requests that the matter be heard no later than the May 11, 2026 pretrial conference.

Respectfully submitted,

*/s/ Hannah M. Maloney*
John L. Brownlee (*pro hac vice*)
Ashley Akers (*pro hac vice*)
Alexander E. Blanchard (*pro hac vice*)
HOLLAND & KNIGHT LLP
1650 Tysons Boulevard, Suite 1700
Tysons, Virginia 22102
Phone: (703) 720-8600

Samuel J. Louis
HOLLAND & KNIGHT LLP
811 Main Street, Suite 2500
Houston, Texas 77002
Phone: (713) 821-7000

Hannah M. Maloney
HOLLAND & KNIGHT LLP
98 San Jacinto Boulevard, Suite 1900
Austin, Texas 78701
Phone: (512) 647-4391

*Counsel for Benlin Yuan*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2026, I filed the foregoing electronically using the Court's CM/ECF system, which will send a notification of such filing to all counsel of record. I further certify that on May 3, 2026, counsel for Mr. Yuan served the foregoing via email on counsel for Nvidia.

/s/ Hannah M. Maloney
Hannah M. Maloney

**CERTIFICATE OF CONSULTATION**

Based on the foregoing, it is safe to say that the government opposes the relief requested by this motion.

/s/ Hannah M. Maloney
Hannah M. Maloney