# EXHIBIT A

# Holland & Knight

1650 Tysons Boulevard, Suite 1700 | Tysons, VA 22102 | T 703.720.8053 | F 202.955.5564
Holland & Knight LLP | www.hklaw.com

John L. Brownlee
John.Brownlee@hklaw.com
(703) 720-8053

December 27, 2025

Fatema Merchant
Trial Attorney
National Security Division
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530-0001

John Marck
J. Mark McIntyre
Assistant United States Attorneys
Southern District of Texas
1000 Louisiana, Ste. 2300
Houston, Texas 77002

Re:     *United States v. Benlin Yuan, 4:25-cr-00687*: **Formal Request for Discovery**

Dear Ms. Merchant and Messrs. Marck and McIntyre:

Benlin Yuan ("Mr. Yuan" or "Defendant") formally requests discovery to which he is entitled pursuant to the Fifth and Sixth Amendments to the United States Constitution; *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *Kyles v. Whitley*, 514 U.S. 419 (1995), *United States v. Safavian*, 233 F.R.D. 12 (D.D.C. 2005), and their progeny; the Due Process Protections Act; Fed. R. Crim. P. 16; the Jencks Act, 18 U.S.C. § 3500; and Fed. R. Evid. 404(b).

Mr. Yuan requests documents[1] and information in the possession, custody, or control of the Government. The Government includes not only your offices, but also the Department of Justice; any other federal, state, or local agency allied with the prosecution in any way (including, without limitation, the Federal Bureau of Investigation ("FBI"), the Internal Revenue Service ("IRS"), the U.S. Department of State ("DOS"), U.S. Department of Defense ("DOD"), U.S.

---

[1] Consistent with Fed. R. Crim. P. 16, "documents," as used throughout these requests, includes, but is not limited to, all books, papers, letters, correspondence, reports, memoranda, studies, calendars, appointment books, diaries, notes, messages, computer facilitated or transmitted materials, images, photographs, polaroid photographs, information in any computer database, audio and video tapes, recordings, transcripts, ledgers, printouts, contracts, checks, receipts, and all copies or portions thereof, whether in hardcopy or electronic form, and any other written, recorded, or memorialized material of any nature whatsoever, including any and all notes of interviews prepared by law enforcement or other witnesses and responsive information that has never been reduced to writing.

*U.S. v. Benlin Yuan*, Rule 16 letter
December 27, 2025
Page 2

Department of Homeland Security ("DHS"), including the U.S. Customs and Immigration Enforcement ("ICE"), the U.S. Department of Energy ("DOE"), and the U.S. Department of Commerce ("DOC").[2]  We also request any and all communications and any other records, memoranda, letters, or policy papers related to the Government's decision to permit Nvidia Corporation ("Nvidia") to sell its GPUs to customers in China as announced by President Trump on or about December 8, 2025, at 4:29 pm in a Truth Social post.  The post is as follows:



← **Truth Details**
1719 replies

**Donald J. Trump**
@realDonaldTrump

I have informed President Xi, of China, that the United States will allow NVIDIA to ship its H200 products to approved customers in China, and other Countries, under conditions that allow for continued strong National Security. President Xi responded positively! $25% will be paid to the United States of America. This policy will support American Jobs, strengthen U.S. Manufacturing, and benefit American Taxpayers. The Biden Administration forced our Great Companies to spend BILLIONS OF DOLLARS building "degraded" products that nobody wanted, a terrible idea that slowed Innovation, and hurt the American Worker. That Era is OVER! We will protect National Security, create American Jobs, and keep America's lead in AI. NVIDIA's U.S. Customers are already moving forward with their incredible, highly advanced Blackwell chips, and soon, Rubin, neither of which are part of this deal. My Administration will always put America FIRST. The Department of Commerce is finalizing the details, and the same approach will apply to AMD, Intel, and other GREAT American Companies. MAKE AMERICA GREAT AGAIN!

**5.67k** ReTruths  **23.3k** Likes                    Dec 08, 2025, 4:29 PM

This request includes any and all "readouts" from telephone calls between President Trump and (1) President Xi of China, as described above, and (2) anyone else on the subject of GPUs being legally sold to customers in China.

---

[2] *See United States v. Perdomo*, 929 F.2d 967, 970-71 (3d Cir. 1991); *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989); *United States v. Deutsch*, 475 F.2d, 55, 57 (5th Cir. 1973); *United States v. Bryant*, 439 F.2d 642, 650 (D.C. Cir. 1971).

*U.S. v. Benlin Yuan*, Rule 16 letter
December 27, 2025
Page 3

      We reserve the right to supplement these requests as we continue our preparation for trial. Pursuant to your continuing duty to disclose information (Fed. R. Crim. P. 16(c)), please immediately advise us of new information as it becomes available.

      We hope to resolve as many discovery matters as possible without involving the Court. We request that you notify us promptly whether you will comply with these specific requests. If you have any questions regarding the nature of the requests contained in this letter, please call or email us.

## DISCOVERY REQUESTS

### I.  Statements of the Defendant

      A.    Please disclose and either produce or make available for inspection and copying any relevant written or recorded statements made by Defendant within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the prosecution. Fed. R. Crim. P. 16(a)(1)(B)(i).

This request includes, without limitation:

1. All written or recorded statements of witnesses that reflect, relate, or incorporate any relevant statements made by Defendant; and

2. All other documents that reflect, relate, or incorporate any relevant statements made by Defendant.

      B.    Please disclose and either produce or make available for inspection and copying that portion of any written record containing the substance of any relevant oral statement made by Defendant, whether before or after indictment, in response to interrogation by any person then known to Defendant to be a Government agent. Fed. R. Crim. P. 16(a)(1)(B)(ii). This request includes, without limitation, all documents, including notes, prepared by any federal or state agent that contain the substance of any relevant statement made by Defendant.

      C.    Please disclose the substance of any other oral statement made by Defendant, whether before or after indictment, in response to interrogation by any person then known by any current or former employee of Defendant to be a Government agent, if the prosecution intends to use that statement at trial, regardless of whether any written record of that statement exists. Fed. R. Crim. P. 16(a)(1)(A). In the event the Government intends to use such an oral statement at trial, we request that it be reduced to writing and produced. We further ask that, in responding to this request for the subject oral statements, you ask each law enforcement agency involved in this case to search its files for responsive information.

*U.S. v. Benlin Yuan*, Rule 16 letter
December 27, 2025
Page 4

**II.    Prior Record**

Pursuant to Rule 16(a)(1)(D), we request that you provide a copy of the prior criminal record, arrests, and convictions, if any, for Defendant.

**III.    Documents and Tangible Objects**

**A.**    Please produce or make available for inspection and copying all documents and other tangible objects or portions thereof that were obtained from or belong to Defendant, or that belonged to Defendant at the time of the alleged offenses, or that belong or belonged to any agent of or any entity allegedly owned or controlled by Defendant, that are within the custody or control of the Government regardless of how they were obtained or the identity of the person who obtained them. Fed. R. Crim. P. 16(a)(1)(E)(iii).

**B.**    Please produce or otherwise make available for inspection and copying all documents and other tangible objects or portions thereof that the prosecution intends to use at trial in its case-in-chief. Fed. R. Crim. P. 16(a)(1)(E)(ii). We request that any materials in this category be specifically identified from among the materials produced pursuant to Defendant's Rule 16 and *Brady* requests, both to enable counsel to prepare effectively for trial and to afford Defendant an opportunity to move to suppress any evidence the prosecution intends to use in its case in chief. *See* Fed. R. Crim. P. 12(b)(3) and 12(b)(4).  <u>Further, please produce any index or working exhibit list of items you intend to use at trial.</u>

We also specifically request all subpoenas, letter requests to and correspondence with actual or potential witnesses or their counsel, and transmittal letters reflecting what documents (or categories of documents) were sought, and what documents (or categories of documents) were obtained, by the Government during the course of the investigation or since the return of the indictment.[3] We also request that you identify any person or entity that has asserted any attorney-client privilege, work-product privilege, marital privilege, common-interest privilege, or any other privilege as the basis for withholding or not producing any documents, in whole or in part, and that you provide all documents (including all privilege logs) with respect to the assertion of or challenge to any such claimed privileges. As to all materials produced, we also request that the Government identify, by Bates range, the <u>source</u> of the documents.

To the extent that any documentary discovery is also contained in any format other than a paper copy, we request that such electronic version also be produced in native form and prepared in such a manner that it can be loaded and searched using the Relativity review platform. In addition, please produce any images of any websites that are within the possession, custody, or

---

[3] This information is <u>critical</u> to make sure there is no ambiguity as to what has (or has not) been obtained by the Government and produced to the defense and so that meaningful Rule 17(c) subpoenas for additional material can be served by the defense.

*U.S. v. Benlin Yuan*, Rule 16 letter
December 27, 2025
Page 5

control of the Government that the Government intends to use at trial. Please advise us promptly whether such material exists and whether, and when, it will be produced.

C.     Please produce or make available for inspection and copying all documents and other tangible objects or portions thereof that are material to the preparation of the defense, Fed. R. Crim. P. 16(a)(1)(E)(i), including, but not limited to, those items set forth in the paragraphs below. Separately identify any materials the Government intends to use at trial in its case-in-chief, including any materials the Government intends to use at Rule 15 depositions which the Government may seek to introduce in lieu of trial testimony.

1. Please produce or make available for inspection and copying all documents and other tangible objects or portions thereof relating to Defendant or the conduct alleged in the indictment that were introduced as exhibits before the grand jury, or that were obtained by or for the grand jury or pursuant to any grand jury or trial subpoena.

2. Please produce or make available for inspection and copying all documents and other tangible objects or portions thereof relating to Defendant or the conduct alleged in the indictment obtained from any witness who testified before the grand jury.

3. Please produce or make available for inspection and copying all documents and other tangible objects or portions thereof relating to Defendant or the conduct alleged in the indictment obtained from any person who was interviewed or consulted during the course of the grand jury investigation or since the return of the indictment.

4. Please produce or make available for inspection and copying all documents and other tangible objects or portions thereof relating to Defendant or the conduct alleged in the indictment obtained from any federal, state, or local governmental, regulatory, or legislative body or agency.

5. Please produce all documents or portions thereof relating to press releases or press conferences concerning Defendant or the investigation of Defendant, and all other documents relating to any contacts between the Government and representatives of the media concerning Defendant or the Government's investigation of Defendant. This request extends to every contact between every person affiliated with the Department of Justice, including any other federal, state, or local agency allied with the prosecution (including, without limitation, the FBI, IRS, DOS, ICE, DHS, DOC, DOD, and DOE) in any capacity (including personal email addresses) and any person affiliated with the media in any capacity.

*U.S. v. Benlin Yuan*, Rule 16 letter
December 27, 2025
Page 6

6. Please produce all information and documents or portions thereof relating to the reputation of Defendant, including, without limitation, any documents relating to Defendant's reputation for honesty, integrity, law abidingness, or competence.

7. Please produce all documents or portions thereof relating to any interviews, reports, analyses, or other documents provided by your office, the Department of Justice, the FBI, IRS, DOS, ICE, DHS, DOC, DOD, or DOE to any state or local government or regulatory body or agency, or by any such body or agency to your office, the Department of Justice, the FBI, IRS, DOS, ICE, DHS, DOC, DOD, or DOE in connection with the investigation and prosecution of Defendant.

8. Please produce all documents or portions thereof reflecting or relating to correspondence or other communications between Defendant or any of the other co-conspirators as alleged in the indictment and Government agencies, including the FBI, IRS, DOS, ICE, DHS, DOC, DOD, or DOE regarding Defendant or the conduct alleged in the indictment.

9. Please produce all documents or portions thereof reflecting or relating to any meetings, correspondence, or other communication between Defendant and any of his alleged co-conspirators, as alleged in the indictment, and between any of those alleged co-conspirators and any federal prosecutor or other Government agent, including those of the FBI, IRS, DOS, ICE, DHS, DOC, DOD, or DOE, involved in the investigation or prosecution of this case. For purposes of this request, "co-conspirator" includes, but is not limited to:

   a. Haochun Hsu;

   b. Hao Global LLC;

   c. Fanyue Gong;

   d. Co-conspirator 1 as defined in paragraph 17 of the Criminal Compliant, No. 4:25-mj-712, signed by Hon. Richard Bennett, U.S. Magistrate Judge, on November 28, 2025;

   e. Co-conspirator 2 as defined in paragraph 18 of the Criminal Compliant, No. 4:25-mj-712, signed by Hon. Richard Bennett, U.S. Magistrate Judge, on November 28, 2025;

   f. Co-conspirator 3 as defined in paragraph 18 of the Criminal Compliant, No. 4:25-mj-712, signed by Hon. Richard Bennett, U.S. Magistrate Judge, on November 28, 2025;

*U.S. v. Benlin Yuan*, Rule 16 letter
December 27, 2025
Page 7

g. Co-conspirator 4 as defined in paragraph 19 of the Criminal Compliant, No. 4:25-mj-712, signed by Hon. Richard Bennett, U.S. Magistrate Judge, on November 28, 2025;

h. Co-conspirator 5 as defined in paragraph 19 of the Criminal Compliant, No. 4:25-mj-712, signed by Hon. Richard Bennett, U.S. Magistrate Judge, on November 28, 2025;

i. IT Company as defined in paragraph 16 of the Criminal Compliant, No. 4:25-mj-712, signed by Hon. Richard Bennett, U.S. Magistrate Judge, on November 28, 2025;

j. PRC IT Company as defined in paragraph 16 of the Criminal Compliant, No. 4:25-mj-712, signed by Hon. Richard Bennett, U.S. Magistrate Judge, on November 28, 2025;

k. Shenzhen Technology Company as defined in paragraph 17 of the Criminal Compliant, No. 4:25-mj-712, signed by Hon. Richard Bennett, U.S. Magistrate Judge, on November 28, 2025;

l. Hong Kong Logistics Company as defined in paragraph 17 of the Criminal Compliant, No. 4:25-mj-712, signed by Hon. Richard Bennett, U.S. Magistrate Judge, on November 28, 2025; and

m. Cooperating Witness 1 ("CW-1") as defined in paragraph 18 of the Criminal Compliant, No. 4:25-mj-712, signed by Hon. Richard Bennett, U.S. Magistrate Judge, on November 28, 2025.

10. Please produce any other documents or notes or portions thereof relating to the individuals and entities named in paragraph C.ix.

11. Please produce any other documents or notes or portions thereof relating to Defendant or Asiacom Americas Inc., including any of its predecessors, successors, divisions, subsidiaries, related entities, or affiliates.

12. Please produce all documents or portions thereof related to or mentioning Defendant and licensing requirements under the Export Control Reform Act or the Export Administration Regulations.

13. Please produce all documents or portions thereof related to any communications between Defendant and any Chinese national or the Chinese government.

*U.S. v. Benlin Yuan*, Rule 16 letter
December 27, 2025
Page 8

14. Please produce all documents or portions thereof related to any contract, benefit, or business from the Government that involved any Defendant's company's products.

15. Please produce all documents or portions thereof relating to the following technologies and/or parts:

   a. Nvidia H100 GPU;

   b. Nvidia H200 GPU;

   c. Nvidia H200 GPU baseboard;

   d. Nvidia HGX A100 8-GPU;

   e. Nvidia HGX A100 640 GB GPU baseboard;

   f. Nvidia A100 GPU 80GB SXM4;

   g. SuperMicro SuperServer 420GP-TNAR/420GP-TNAR+; and

   h. SuperMicro A+ server configured with A100 baseboard.

These documents are directly material to pivotal defense issues relating to the elements of the offenses charged, including whether the events alleged in the indictment in fact occurred and Defendant's knowledge or intent (or lack thereof) with respect to those alleged events. These issues are central to the offenses charged in the indictment, and Defendant is entitled to production of documents that will assist in obtaining evidence to negate those charges. The requested documents will also play a crucial role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, and assisting impeachment and rebuttal.

## IV. Reports of Examinations and Tests

Please provide results or reports of physical or mental examinations and scientific tests or experiments within the possession, custody, or control of the Government, or that by the exercise of due diligence may become known to the Government, and which are material to the preparation of the defense or are intended for use by the Government as evidence in its case-in-chief at trial. Fed. R. Crim. P. 16(a)(1)(F). In the event the results of any such examinations, tests, or experiments were reported orally to the Government, we request that you cause a written report of the results to be made and produced. In complying with this request, please contact any law enforcement agency involved in the investigation or prosecution of this case to determine whether relevant examinations, tests, or experiments were conducted, and, if so, produce the results or reports.

*U.S. v. Benlin Yuan*, Rule 16 letter
December 27, 2025
Page 9

## V.    Opinion Testimony

In the event the prosecution intends to offer any opinion testimony under the Federal Rules of Evidence through any witness, including a Government agent or employee or law enforcement officer, we request that you prepare and produce a complete statement of all opinions that the prosecution will elicit from the witness in its case-in-chief, the bases and reasons for such opinions, the qualifications of the witness, including a list of publications authored in the previous 10 years, and a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition. Fed. R. Crim. P. 16(a)(1)(G); Fed. R. Evid. 702, 703, 705.

## VI.    *Brady* and *Giglio* Material.

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, including *United States v. Agurs*, 427 U.S. 97 (1976), *Giglio v. United States*, 405 U.S. 150 (1972), and *Kyles v. Whitley*, 514 U.S. 419 (1995), the defense requests <u>immediate</u> disclosure of all documents and information (in whatever form) that would tend to exculpate Defendant with respect to the charges in the indictment, or that would tend to impeach the witnesses against Defendant or that are relevant to the issue of sentencing. Should you have a question with regard to whether certain information constitutes *Brady/Giglio* material, or when it must be produced, we request that you present the information to the Court <u>immediately</u>, with notice to us, for review *in camera* to resolve these issues.

This request includes, but is not limited to, documents, data, tangible objects, and/or statements of any individuals in any form (*e.g.*, transcripts of grand jury testimony, statements made before or after searches to Government agents, statements made in emails or text messages, and oral statements whether recorded consensually or not—including statements made to individuals Defendant did not know were agents of the Government—and regardless of whether any written or recorded record of the statement exists) within the possession, custody, or control of the Government that are known to you, or that by the exercise of due diligence may become known to the Government, that reflect, refer to, suggest, or otherwise concern:

A.    Any document or information (in whatever form) indicating or tending to establish that any of the allegations in the indictment are not true, particularly that Defendant did not act willfully.

B.    Any document or information (in whatever form) indicating or tending to establish that:

    1. Defendant engaged in conduct that forms the basis of the indictment in reliance upon advice provided to him by counsel or accountants; or

*U.S. v. Benlin Yuan*, Rule 16 letter
December 27, 2025
Page 10

    2. Defendant engaged in any conduct that forms the basis of the indictment with the good faith belief that his conduct did not constitute a crime.

C.      Any notes or recordings of interviews with witnesses by persons investigating the facts which the Government elected to not use as a basis for the indictment but which pertain in any way to any of the allegations therein with contact information for the witness or witnesses;

D.      All documents or information (in whatever form) that may be used to impeach any potential prosecution witnesses, or any person whose statements will be introduced pursuant to Fed. R. Evid. 801(d)(2)(C), (D), or (E), including but not limited to:

1. All documents or information (in whatever form) relating to any conviction, arrest, or lodging of any criminal charge against any potential prosecution witness, including but not limited to NCIC and other similar databases, and information in FBI files that may not be included in such databases;

2. All documents or information (in whatever form) relating to promises, consideration, or inducements made to any potential prosecution witness, whether directly to the witness or indirectly to the witness' attorney, friends, family, employer, or business associates. "Consideration" or "inducements" means offering the witness anything of value or use, including immunity grants, whether formal or informal, witness fees, transportation assistance, money, or assurance, promises, or suggestions of favorable treatment with respect to any criminal, civil, administrative, or immigration-related matter;

3. All documents or information (in whatever form) relating to inconsistencies in statements given by any potential prosecution witness;

4. All documents or information (in whatever form) that would tend to impeach the credibility of any potential prosecution witness;

5. All documents or information (in whatever form) bearing adversely on the character or reputation for truthfulness of any potential prosecution witness;

6. Each specific instance of conduct from which it could be inferred that any potential prosecution witness has been or is untruthful;

7. FBI, IRS, DOS, DHS, ICE, DOE, DOC, DOD, or other personnel or other files for each potential prosecution witness; and

8. All documents or information (in whatever form) within the possession, custody, or control of the Government, or that by the exercise of due diligence may become

*U.S. v. Benlin Yuan*, Rule 16 letter
December 27, 2025
Page 11

known to the Government, relating to investigations by any federal or state government agency of any potential prosecution witness or associated business, including but not limited to investigations conducted by the SEC, FBI, IRS, DOS, DHS, ICE, DOC, DOD, or DOE.

E.      The date and participants in each and every interview (including not only interviews conducted by the Government, but also interviews conducted by third parties), debriefings, "queen for a day" sessions, proffers (by the witness or his agent), depositions, or other statements or descriptions of the alleged facts made by each potential Government witness (whether directly or indirectly, such as a proffer made by counsel). In addition, please specify, as to each witness, the first date on which the witness made any allegation that Defendant engaged in any allegedly unlawful conduct or any conduct alleged in the indictment.

F.      Any and all notes, recordings, or other evidence of any and all statements made in interviews by the Government or any third parties conducting interviews to which the Government had access. This request includes, but is not limited to, any and all statements made by interviewers at the beginning of the interview concerning the nature of this investigation or the Government's attitudes about witnesses subject to this investigation.

G.      We request specific disclosure of *Brady* material, and if the Government contends it has provided such evidence within other materials disclosed, we request that the Government give specific notice of the *Brady* material and specific locations of each and every *Brady* document.

H.      Any evidence against a Government witness potentially admissible under Fed. R. Evid. 607, 608, or 609.

Please advise us promptly whether the Government will be producing *Brady* material immediately even if it is contained in what might otherwise be considered Jencks Act material, or whether the Government takes the position that it is not obligated to produce such material at this time. If the Government believes that any *Brady/Giglio* material is also Jencks Act material, we request that you present it to the Court immediately for *in camera* review and advise us of the general nature of the evidence. This is an important issue which we want the Court to address promptly.

## VII.    Other Crimes and Evidence.

Pursuant to the Fifth and Sixth Amendments and Fed. R. Evid. 404(b), the defense requests that the prosecution disclose all evidence of any similar crimes, wrongs, or acts allegedly committed by Defendant upon which the prosecution intends to rely in its case-in-chief to prove motive, scheme, opportunity, intent, preparation, knowledge, absence of mistake or accident, or

*U.S. v. Benlin Yuan,* Rule 16 letter
December 27, 2025
Page 12

the like and that the Government articulate in writing the permitted purpose for which it intends to offer the evidence and the reasoning that supports the purpose.

## VIII. Suppression Issues.[4]

A.      As a predicate to potential motions pursuant to Fed. R. Crim. P. 12, the defense requests that we be informed:

1. Whether the prosecution intends to offer into evidence any statement made by Defendant and the substance of any such statement.

2. Whether any evidence in the Government's possession, custody, or control was obtained by a search and seizure conducted by the Government, and a description of such evidence.

3. Whether any evidence in the Government's possession, custody, or control was obtained through electronic or mechanical surveillance, including, without limitation, wiretaps, body wires, pen registers, surveillance of telephone calls, cellular tower data, and/or GPS tracking data, including evidence that might give rise to a motion under 18 U.S.C. § 3504, and a description of such evidence.

4. Whether any evidence in the Government's possession, custody, or control was obtained through the use of a beeper or other tracking device, and a description of such evidence.

5. In connection with any tape recording, wiretaps, or other surveillance of defendants during the investigation of the allegations of the indictment or any related allegations, defendant seeks:

   a. The names and addresses of all such people whose personal or business telephones the Government tapped or monitored, or whose conversations or actions the Government monitored by other means without the person's knowledge;

   b. Transcripts or other records of the statements or conversations monitored;

   c. The original recorded tapes created during such surveillance;

   d. The procedures used to conduct such surveillance; and

---

[4] This information is also sought pursuant to Fed. R. Crim. P. 16 and *Brady v. Maryland* and its progeny.

*U.S. v. Benlin Yuan*, Rule 16 letter
December 27, 2025
Page 13

    e.  The authority under which such surveillance was conducted.

6.  Whether any evidence in the Government's possession, custody, or control was obtained through a mail cover and/or trash cover and a description of such evidence.

7.  Whether the Government employed any informant or undercover agent during its investigation of the charges of the indictment.

B.    The defense requests that the prosecution disclose whether it intends to offer in its case-in-chief, as a statement by Defendant, any of the following, and that it provide the substance of any such statement:

1.  Any statement as to which Defendant allegedly manifested its adoption or belief in its truth. Fed. R. Evid. 801(d)(2)(B).

2.  Any statement made by another which was purportedly authorized by Defendant. Fed. R. Evid. 801(d)(2)(C).

3.  Any statement made by an agent or servant or co-conspirator of Defendant concerning a matter within the scope of his or her agency or employment made during the existence of such a relationship. Fed. R. Evid. 801(d)(2)(D), (E).

C.    The defense requests that the prosecution disclose the empanelment date of each grand jury that heard evidence concerning this case; the record of the empanelment of the grand jury and selection of grand jurors; the dates on which each grand jury sat; the identities of all persons to whom grand jury materials were disclosed; whether any persons were present during grand jury proceedings other than the grand jurors, witness(es), court reporter, and Assistant United States Attorney(s); the instructions provided to the grand jury before the indictment was returned; and the voting record of return in open court of the indictment.

## IX.    Charts and Summaries.

Pursuant to Fed. R. Evid. 1006, the defense requests that we be advised whether the prosecution will seek to offer any chart, summary, or calculation in evidence and, if so (1) that all such charts, summaries, and calculations be produced, and (2) that all writings, recordings, or other information on which such charts, summaries, or calculations are based be made available for inspection and copying.

*U.S. v. Benlin Yuan*, Rule 16 letter
December 27, 2025
Page 14

\*        \*        \*        \*

We would appreciate your response and position with respect to these requests no later than Friday, January 9, 2026, so that we can make appropriate application to the Court if necessary. We reserve the right to supplement these requests as we continue our preparation for trial.

Very truly yours,

HOLLAND & KNIGHT LLP

/S/

_____

John L. Brownlee
Sam J. Louis
Ashley Akers
Alexander E. Blanchard
*Counsel for Defendant Benlin Yuan*