**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No.: H-25-CR-687 |
| | § | |
| BENLIN YUAN and | § | |
| FANYUE GONG, | § | |
| | § | |
| Defendants | § | |

**GOVERNMENT'S RESPONSE TO DEFENDANT YUAN'S**
**MOTION TO EXCLUDE OR COMPEL**

COMES NOW the United States of America, by and through the United States Attorney for the Southern District of Texas, and files this Response to Defendant Benlin Yuan's ("Yuan") Motion to Exclude or, in the Alternative, to Compel.

**INTRODUCTION**

Defendant moves to exclude from evidence various items that have been produced in discovery. He falsely claims the government has failed to provide him with "massive amounts of data that remain outstanding." Mot at 1. Almost every specific item that he complains about in his Motion has been produced to him, often more than once. Defendant complains about the format in which items were produced and claims they should be reproduced to him in his preferred electronic format. Much of the electronic discovery has been reproduced to him in his preferred format, and long before he submitted his Motion to the Court. At any rate, Defendant has no right under Rule 16 to production in any particular electronic format: "Federal law does not presently require that the United States provide discovery in any specific format in a criminal case." *United States v. Spivak*, 639 F.Supp.3d 773, 779 (N.D.Ohio 2022). His contention that a major international law firm, along with its consulting computer forensic firm, is incapable of reviewing

discovery material that was produced in Axiom, one of the primary electronic formats used by U.S. law enforcement, is not believable.  Defendant's claim of a discovery violation is baseless. His Motion should be denied.

## ARGUMENT

Upon a defendant's request, Fed. R. Crim. P. 16(a)(1)(E)(i) and (ii), requires the prosecution to disclose documents in its "possession, custody, or control" that are "material to preparing the defense" or that the prosecution "intends to use in its case-in-chief at trial." *See United States v. Reeves,* 892 F.2d 1223, 1226 (5th Cir. 1990).  Rule 16 does not require disclosure in the format requested by the defendant.  Rule 16 simply requires that discovery be "made available."  "Federal law does not presently require that the United States provide discovery in any specific format in a criminal case."  *United States v. Spivak*, 639 F.Supp.3d 773, 779 (N.D.Ohio 2022).  In *United States v. Warshak*, 631 F.3d 266, 296 (6th Cir. 2010), the court found no discovery violation, and it declined to follow civil discovery rules regarding the form of electronic discovery in the criminal context.  The court noted that the "defendants cite scant authority suggesting that a district court must order the government to produce electronic discovery in a particular fashion.  Furthermore, it bears noting that Federal Rule of Criminal Procedure 16, which governs discovery in criminal cases, is entirely silent of the issue of the form that discovery must take." *See also United States v. Richards*, 659 F.3d 527, 544 (6th Cir. 2011).

Here, Defendant complains that the discovery he has received is unorganized, and that the government has not been as responsive to his complaints and entreaties as he would like.  And he complains that various electronic files were not produced in a "usable format," although admitting that "much of the discovery is accessible in the literal sense of being downloadable, searchable,

and reviewable" (Mot. at 3), which, in any normal understanding of the term, would seem to define, "usable."

The reality is that the government has dutifully produced a large volume of discovery through multiple rounds of production, and production is on-going as new material becomes available. This investigation involved a variety of federal investigatory agencies including FBI, ICE, and BIS, and agents at offices from around the country and internationally. The investigation obtained evidence from foreign countries by MLAT and otherwise. The evidence gathered by each agency was generally maintained by that particular agency in its respective offices.

The government has coordinated production from these various agencies' evidence repositories around the country. Each production has been on electronic media. With each production, the government has provided a cover letter generally describing what is being produced, and the electronic media contains a file structure that reveals what is on that device. Attached are the discovery letters that accompanied the produced electronic media. Ex. A, B, C. These productions occurred on January 29, February 20, and April 15, 2026. In the first production on January 29, the government explained that "[a] more targeted subset of the items on the enclosed hard drive are available on USAfx. This may be an easier place to start your review. You may contact paralegal Yolonda Cole at Yolonda.Cole@USDOJ.Gov to have an account set up for you." Ex. A. Defendant's attorneys availed themselves of this opportunity on February 4, 2026. Ex. D. The government continues to make productions as new items come available, such as when new interview reports are drafted by agents or additional documents are obtained.

When Defendant Yuan has claimed technical difficulties viewing produced items, the government has arranged for agents familiar with the technology to answer Defendant's questions. Ex. E, F, G. The government coordinated a meeting of the computer forensic expert at one of the

producing agencies with the forensic consultants hired by Defendant's law firm to try to resolve

Defendant's claimed inability to review the materials.  Ex. H. The government has then reproduced

items in other requested formats to accommodate Defendant.

The investigatory agencies use a variety of forensic tools, with different agencies processing

electronic evidence using different tools and formats.  Some electronic items were processed in

Axiom, one of the primary electronic formats employed by FBI and HSI.  Most litigants, and large

law firms in particular, do not have a problem handling this format and reviewing items in this

format.  That said, the government has accommodated Defendant Yuan's requests that the items

be produced again in different formats for his convenience.

Defendant lists specific items that he requests be produced as follows:

(1) all phone data currently produced in Magnet Axiom or OpenCase format shall be
reproduced in UFDR format, consistent with other phone data the government has
produced;

(2) all laptop and computer data currently produced in Magnet Axiom Portable Case or
OpenCase format shall be reproduced in E01 format, consistent with other laptop data the
government has produced. The data sources subject to this provision include, without
limitation:

A.      AXIOM – Jan21 2026 163424;
B.      SSD Drive\LI0003 Laptop\UNFILTERED\Portable Case;
C.      SSD Drive\LI0003 Laptop\Filtered Laptop;
D.      SSD Drive\LI0004 Thumbdrive\Portable Case; and
E.      Phone Data.

(3) the text message correspondence between Special Agent Tyler Fox and CW-1, reflected in
the video named "SA Fox & [REDACTED] Messages (5JAN26)," shall be reproduced in
a reviewable format that includes timestamps and allows the defense to make use of the
evidence at trial.

Mot. at 7-8.

Regarding item (1), Defendant would have the Court order the government to reproduce all

phone data that was originally produced in Axiom in Defendant's preferred format, which is

Cellebrite Universal Forensic Extraction Device Report (UFDR) format.   This case involves data from six phones, which belong to Abu Adili, Anbang Hu, Fanyue Gong, Jack Chen, the undercover agent (UC), and defendant Benlin Yuan.  That data has been produced in the following discovery productions and formats:

- Abu Adili phone.  Produced in first batch of discovery in Cellebrite format.

- Anbang Hu phone.  Produced in first batch of discovery in both Cellebrite and Axiom format.

- Fanyue Gong phone.  Produced in the second batch of discovery in Cellebrite format.

- Jack Chen phone.  Produced on March 3, 2026, in Cellebrite format.

- UC phone.  Produced in the second batch of discovery in Axiom format.  Produced in the third batch of discovery in Cellebrite format, and as an unprocessed image in UFED format.

- Benlin Yuan phone.  Produced in the second batch of discovery in Cellebrite format.

In short, all phones were produced in Cellebrite format before Defendant filed his Motion asking the Court to order the government to do what it had already done.

Regarding the media referenced in item (2), Defendant requests that the government be ordered to reproduce the items in an unprocessed format (such as E01) rather than a processed format like Axiom.

A.    AXIOM – Jan21 2026 163424.  This is Defendant Gong's computer.  It was produced in discovery batch two in Axiom format.  It was reproduced in discovery batch three in E01 format.

B.    SSD Drive\LI0003 Laptop\UNFILTERED\Portable.  This is defendant Yuan's unfiltered computer.  It was produced in the second batch of discovery in unprocessed E01 format.

C.    SSD Drive\LI0003 Laptop\Filtered Laptop. This is the filtered version of defendant Yuan's computer.  It was produced in the second batch of discovery in Axiom format.  It cannot be produced in the unprocessed E01 format because it must be first processed in order to be filtered.  The unfiltered image of the computer has been produced in the unprocessed E01 format (item B above).

D.      SSD Drive\LI0004 Thumbdrive\Portable Case.  This is defendant Yuan's thumb drive.  It was produced in the second batch of discovery in unprocessed E01 format.

E.      "Phone Data."  This is the UC phone.  It was produced in the second batch of discovery in Axiom format.  It was reproduced in the third batch of discovery in Cellebrite format and as an unprocessed image in UFED format.  This is the same item listed above in the phone section that Defendant requests in Cellebrite format and has already been produced in that format.

Regarding item (3), the text message correspondence between Special Agent Tyler Fox and CW-1, this item has been produced in a format with date stamps.  Defendant requests that it be produced in a format with time stamps, which is not how the text messages appear in the agent's phone.  It is unclear what the relevance and importance is of the specific times that the agent was communicating with CW-1 in addition to the dates of the communications, which are available.  The government is reviewing whether this item can be produced with time stamps.

## CONCLUSION

The United States respectfully requests that this Court deny Defendant Yuan's Motion to exclude or compel discovery.  Most of what Yuan demands he already has, he has had it for some time, and he has it in his preferred format.  Defendant's Motion is baseless and is grounded in his own lack of understanding of what has already been produced to him.

Respectfully submitted,

**JOHN G.E. MARCK**
ACTING UNITED STATES ATTORNEY

BY:   _/s/  Robert S. Johnson_____
       S. MARK MCINTYRE
       ROBERT JOHNSON
       CRAIG FEAZEL
       ASSISTANT U.S. ATTORNEYS


**JOHN A. EISENBERG**
ASSISTANT ATTORNEY GENERAL
NATIONAL SECURITY DIVISION


BY:   _/s/ Fatema Merchant_____
       FATEMA MERCHANT
       TRIAL ATTORNEY

## <u>CERTIFICATE OF SERVICE</u>

On May 5, 2026, the United States electronically filed this Response to Defendant Yuan's

Motion, which provided notice to all counsel of record.

/s/ Robert S. Johnson
Robert S. Johnson
Assistant United States Attorney