**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CRIMINAL NO.: 4:25-cr-687** |
| **BENLIN YUAN and**<br>**FANYUE GONG,**<br>**a/k/a TOM** | |

**GOVERNMENT'S RESPONSE TO DEFENDANT BENLIN YUAN'S MOTION *IN LIMINE* TO EXCLUDE CONTENT FROM COOPERATING WITNESS' WECHAT ACCOUNT**

The United States of America, through undersigned counsel, respectfully submits its response to Defendant Benlin Yuan's Motion *In Limine* to Exclude Content from Cooperating Witness' WeChat Account (Doc. 132) and asks the Court to deny the Motion.

Defendant's Motion seeks to exclude all content from the cooperating witness's ("CW-1") WeChat account on the basis of the Fifth and Sixth Amendments of the U.S. Constitution and Rule 106 of the Federal Rules of Evidence. Defendant seeks blanket pretrial exclusion with no legal or factual basis prior to the United States having an opportunity to lay a foundation for its admission. It appears Defendant is making arguments as to the weight and credibility of the evidence rather than its admissibility. Thus, Defendant's Motion should be denied.

**RELEVANT BACKGROUND**

On May 27, agents approached CW-1 after the activities at the New Jersey warehouse where Defendant directed inspectors, including CW-1, to inspect a shipment of export-controlled Nvidia GPUs that were intended for export to the People's Republic of China ("PRC") without a license. CW-1 consented to agents downloading WeChat messages from his phone. Those

downloaded messages have been provided to Defendant in discovery. Agents also took screenshots of certain messages to ensure that key messages could be easily accessed as the investigation progressed. Those screenshots have also been provided to Defendant in discovery.

In June 2025, agents interviewed CW-1. At that time, the Government took screenshots of WeChat messages that were relevant to the investigation that CW-1 identified. The agents did not obtain a forensic download of CW-1's WeChat messages. Those screenshots have also been provided to Defendant in discovery.

In his motion, Defendant references a specific DingTalk[1] message. Doc. 132 at 2. However, the Government never obtained that message from CW-1 or anyone else and does not have the message in its possession.[2]

### APPLICABLE LAW

Defendant does not cite any case law or relevant laws in his motion. Defendant summarily references the due process clause of the Fifth Amendment, the confrontation clause of the Sixth Amendment and Rule 106 of the Federal Rules of Evidence which allows for a party to object if another party introduces part of a statement, and require that another part of that statement or another statement should be considered in fairness – or the "rule of completeness."

### ARGUMENT

Without citing any case law, Defendant seeks a broad exclusion of evidence – all WeChat messages of CW-1 – based on the Fifth and Sixth Amendments to the Constitution and FRE 106.

---

[1]  DingTalk is a workspace platform offering various features, including chat. https://www.dingtalk.io/ (April 30, 2026).

[2] It appears the Defendant is in possession of these and potentially other relevant messages from the DingTalk platform. Defendant has not provided these messages to the Government in spite of his reciprocal discovery obligations.

It appears that Defendant is making a weight-of-evidence or credibility argument disguised as a pretrial motion to exclude evidence. Specifically, Defendant asserts that CW-1's "incriminating message on an obscure messaging platform disappeared after the government selectively captured his communications." That argument has no legal or factual basis.

First, the Defendant does not identify the "incriminating message on an obscure messaging platform." If he is referring to the DingTalk messages, as stated, the Government was unaware of their existence before the Defendant's filing of the instant motion. It is unclear from his scant argument, but the Defendant may be suggesting that either the Government or CW-1 intentionally or unintentionally withheld or deleted the message. The Defendant is wrong. The Government never obtained the DingTalk message referenced in his motion from CW-1 or anyone else and does not now have them in its possession.  In any event, it is unclear how the existence of messages on DingTalk impact the admissibility of messages on an entirely separate platform, WeChat.

To the extent Defendant's Fifth Amendment argument is a *Brady* argument, the Government has provided all the discoverable messages involving CW-1 in the Government's possession. The Government is aware of its obligations under *Brady*, which the Government understands are ongoing and will be complied with.

In addition to the Government's obligation to disclose favorable evidence under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the Due Process Clause also requires the Government to preserve "evidence that might be expected to play a significant role in the suspect's defense." *California v. Trombetta*, 467 U.S. 479, 488 (1984). However, there is not "an affirmative duty upon the government to take action to discover information which it does not possess." *United States v. Beaver*, 524 F.2d 963, 966 (1975). Thus, to the extent the Defendant's complaint is that the Government did not obtain certain evidence, it is without merit.

Regarding the Defendant's Sixth Amendment argument as it pertains to CW-1 and the messages obtained from them, CW-1 is expected to testify at trial, the Defendant will have the opportunity to cross-examine CW-1, and the Defendant's confrontation argument is moot.

The Defendant cited Rule 106 in support of his motion, but advanced no argument other than to state "Rule 106 embodies a rule of completeness." Doc. 132 at 2. The purpose of Rule 106 "is to permit the contemporaneous introduction of recorded statements that place in context other writings admitted into evidence which, viewed alone, may be misleading." *United States v. Branch*, 91 F.3d 699, 727 (5th Cir. 1996). As stated, the Government is providing all relevant messages involving CW-1 in its possession. At trial, should there be WeChat messages that the Government does not introduce that the Defendant believes should be introduced contemporaneously, he can so move at that time. Defendant's efforts to exclude all of the WeChat messages involving CW-1 pretrial are premature and should be denied.

Defendant's claims about the Government's failure to obtain all of CW-1's WeChat messages, including messages unrelated to its investigation and prosecution, are not a basis for exclusion. Defendant can make appropriate arguments to the jury regarding the weight and credibility of that evidence.

Further, to the extent the Defendant wishes to ask any testifying agent about the DingTalk messages on cross examination, the Defendant should be precluded from doing so unless Defendant can first establish the proper foundation showing the DingTalk messages existed and that the agents could have or did see them during their interaction with CW-1.

## CONCLUSION

For the reasons stated herein, the United States respectfully requests that the Court deny Defendant Benlin Yuan's Motion *In Limine* to Exclude Content from Cooperating Witness' WeChat Account.

Respectfully submitted,

**JOHN MARCK**
ACTING UNITED STATES ATTORNEY

BY: _____
S. MARK MCINTYRE
ROBERT JOHNSON
CRAIG FEAZEL
ASSISTANT U.S. ATTORNEYS

**JOHN A. EISENBERG**
ASSISTANT ATTORNEY GENERAL
NATIONAL SECURITY DIVISION

BY: _____
FATEMA MERCHANT
TRIAL ATTORNEY

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing was delivered to all counsel of record on May 5, 2026, by electronic filing.

*/s/ Fatema Merchant*
Fatema Merchant
Trial Attorney
