IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS

Houston Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cr-687 |
| | ) | |
| BENLIN YUAN and | ) | Hon. Kenneth M. Hoyt |
| FANYUE GONG, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT BENLIN YUAN'S MOTION *IN LIMINE* TO EXCLUDE EXTRANEOUS EVIDENCE AND ARGUMENT PERTAINING TO NATIONAL SECURITY THREATS**

There are federal crimes—*e.g.*, espionage, unlawful handling of classified information, material support of terrorism, etc.—for which proof of danger to the nation's security is indispensable. The offenses with which Defendant Benlin Yuan has been charged, 50 U.S.C. § 4819 (Count One) and 18 U.S.C. §§ 554 and 2 (Counts Two and Three), are not such crimes. Purported national security concerns are not elements of those offenses, and the rationale behind particular export controls is immaterial to whether those restrictions have been violated. In other words, what matters here is whether an item is actually on the Commerce Control List ("CCL") and therefore requires a license to be exported, not *why* the item is on the CCL.

Yet if what is past is prologue, during Mr. Yuan's trial, the government can be expected to inject the specter of national-security risk—especially as posed by a Chinese military equipped with American-made graphics processing units ("GPUs")—at every turn, as it has since the very beginning of this case. The Court should nip this tactic in the bud by excluding evidence of (1) the military applications of GPUs and artificial intelligence, (2) U.S. foreign policy, (3) the national-security implications of the alleged conspiracy of which Mr. Yuan is alleged to have been a member, (4) the danger to the nation's security that his alleged conduct supposedly presented,

(5) the national-security reasons for imposing controls on the export of GPUs, and (6) the like (hereinafter, for ease of reference, "National Security Information" or "NSI"). Properly precluded from adducing such extraneous evidence, the government should likewise be foreclosed from advancing related arguments to the jury.

## ARGUMENT

In this case, NSI is simply not relevant under Rule 401 of the Federal Rules of Evidence and thus inadmissible under Rule 402. And even if it were relevant, its probative value is substantially outweighed by the danger of unfair prejudice and risk of confusing the issues and/or misleading the jury, and thus excludable under Rule 403.

### 1.     NSI is irrelevant and must therefore be excluded.

Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Thus, "the relevancy of evidence is the threshold consideration for admissibility." *Thomas v. Ameritas Life Ins. Corp.*, 34 F.4th 395, 400 (5th Cir. 2022). Evidence is relevant only if it tends to make a fact of consequence in determining the action more or less probable than it would be without the evidence. Fed. R. Evid. 401; *see also Lopez v. Director, TDCJ-CID*, No. 6:22cv099, 2023 WL 8287058, at *5 (E.D. Tex. Oct. 16, 2023) ("When determining whether evidence is relevant, it is important for courts to examine the purpose for which the evidence is being introduced. It is critical that there is a direct or logical connection between the actual evidence and the proposition sought to be proved."). "Whether a proposition is of consequence to the determination of the action is a question that is governed by the substantive law." *United States v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981); *see also* 2 Clifford S. Fishman & Anne Toomey McKenna, *Jones on Evidence* § 11:3.10 (7th ed. 2025) ("At its most basic, a fact is 'of consequence,' and therefore relevant, if it relates to an element of the crime[.]").

NSI cannot be probative of a proposition that is of consequence to the determination of this action. That is because such evidence has no bearing on the elements of the charged offenses.[1] Nor does it tend to make more probable any non-element aspect of the alleged crimes that the government may properly try to prove, such as motive. *See United States v. Kinchen*, 729 F.3d 466, 472 (5th Cir. 2013) (recognizing that although motive is not, like an element of a criminal offense, an "ultimate issue," evidence that tends to demonstrate it "is part of the story and provides context to the events in question").

Consider an offense more commonly charged in this District: conspiracy to import controlled substances, in violation of 21 U.S.C. §§ 963 and 952. As in the case at hand, the elements are straightforward. *See United States v. Zamora-Salazar*, 860 F.3d 826, 832 (5th Cir. 2017) ("To prove conspiracy to import drugs, the Government must establish that a defendant agreed to import drugs and knowingly and voluntarily participated in the agreement."). To secure a conviction, the government need not delve into why Congress decided to prohibit such importation, the foreign policy implications of enforcing the prohibition, how it was decided that a particular drug would be classified as a controlled substance or on which schedule it would reside, or why drugs can be dangerous for individuals and bad for society. Indeed, were the government to attempt to put on evidence in this vein at a trial, it is difficult to imagine the Court not sustaining a relevancy objection. Fundamentally, Mr. Yuan's case is no different, except that there is no need to wait for him to object at trial; NSI will be as irrelevant then as it is now. As

---

[1] Count One requires the government to prove that Mr. Yuan (1) conspired to export or cause to be exported (2) items that were on the CCL and required a license for export, (3) but for which neither he nor his alleged co-conspirators had a license, and that (4) he acted willfully. Counts Two and Three require the government to prove that Mr. Yuan (1) knowingly exported or sent or attempted to export or send items or facilitated the concealment of such items, prior to exportation, knowing them to be intended for exportation, that (2) his conduct was contrary to law or regulation, and that (3) he knew his conduct was contrary to law or regulation.

such, the evidence is inadmissible and the Court has the discretion to exclude it before a jury is seated.

**2.      The probative value of NSI, if any, is substantially outweighed by the risk of unfair prejudice and danger of confusing the issues and/or misleading the jury and should therefore be excluded.**

Even if NSI could be deemed relevant, it should still be excluded because its marginally probative value would be substantially outweighed by the danger of unfair prejudice and risk of confusing the issues in the case and/or misleading the jury. *See* Fed. R. Evid. 403.

**A.      NSI is unfairly prejudicial.**

In the context of Rule 403, "unfair prejudice" means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.* advisory committee's note; *see also United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997) (describing unfairly prejudicial evidence as that which "tends to subordinate reason to emotion in the factfinding process"). Thus, "where the trial judge believes that there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence," Rule 403 requires exclusion. *United States v. Beechum*, 582 F.2d 898, 915 n.20 (5th Cir. 1978).

Here, the introduction of NSI presents an undue risk that jurors will base their decision on fear (for their safety and their country's security) and animus (toward China). Similar concerns animated the court's exclusion of evidence in *United States v. Tao*, No. 19-20052-JAR, 2022 WL 252019 (D. Kan. Jan. 27, 2022), a wire fraud and false statements case. There, the government planned to elicit expert testimony concerning China's national development goals and industrial policies. *Id.* at *6. After first noting the "questionable relevance" of the putative evidence, the court found that "its minimal probative value [was] substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury." *Id.* "In particular," the court elaborated,

4

"testimony about [China's] efforts to acquire foreign technology to achieve its industrial policy objectives risks misleading the jury into thinking this case is actually an economic espionage or trade secrets case." *Id.* "But," the court continued, "this is not an espionage prosecution, and the Government may not color the trial with national security overtones." *Id.* Moreover, considering that the defendant was Chinese, the court concluded that the proposed testimony posed "a significant risk of stoking Sinophobia" and "evoking exactly the kind of negative emotional response that might 'lure the [jury] into declaring guilt on a ground different from proof specific to the offense charge.'" *Id.* (alteration in original) (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)).

The *Tao* court's reasoning applies in this case. And the risk here is not abstract. Following the COVID-19 pandemic, in the midst of an ongoing trade war and an artificial intelligence arms race, antagonism toward China in the United States remains very high. *See, e.g.*, Laura Silver & Laura Clancy, *Americans' views of China have grown somewhat more positive in recent years* Pew Rsch. Ctr. (Apr. 14, 2026), (finding that 71% of Americans view China unfavorably, with 28% calling China an enemy).

Mr. Yuan recognizes that evidence touching on China, as the purported destination of the intercepted GPUs germane to his case and as his country of origin (as well as that of anticipated witnesses), cannot be stripped out of the trial entirely. Indeed, he is not asking the Court for such relief. Rather, he seeks to exclude NSI, the probative value of which, if any, is vanishingly thin and disproportionate to the genuine danger of unfair prejudice arising from it. Rule 403 exists for precisely this scenario, and the Court should employ it to preclude the government from adducing NSI, which would invite the jury to decide Mr. Yuan's guilt on the basis of trepidation and suspicion instead of the facts.

### B.  NSI risks confusing the issues and/or misleading the jury.

In addition to unfairly prejudicial evidence, Rule 403 empowers a court to exclude evidence where its probative value is dwarfed by the likelihood that it will confuse the issues or mislead the jury. Both of these grounds for exclusion are premised on the imperative that jurors not be diverted from the true issues in the case. This risk of diversion correlates to "the capacity of the evidence to captivate jurors," because "the greater the attraction, the more likely the jurors will go baying along a false trail." 22A Kennth W. Graham, Jr. & Daniel D. Blinka, *Federal Practice and Procedure* § 5216.1 (2d ed. 2026).

Because of its acute capacity to captivate, NSI is especially likely to cause jurors to lose site of the central issues in this case. That is all the more reason to exclude it: unduly distracting evidence, even if it has marginal probative value, does not belong before the jury.

### CONCLUSION

For the reasons stated, Mr. Yuan respectfully requests that the Court exclude National Security Information and preclude the government from making arguments to the jury concerning the same.

Respectfully submitted,

*/s/ Alexander E. Blanchard*
John L. Brownlee (*pro hac vice*)
Ashley Akers (*pro hac vice*)
Alexander E. Blanchard (*pro hac vice*)
HOLLAND & KNIGHT LLP
1650 Tysons Boulevard, Suite 1700
Tysons, Virginia 22102
Phone: (703) 720-8600

Samuel J. Louis
HOLLAND & KNIGHT LLP
811 Main Street, Suite 2500
Houston, Texas 77002
Phone: (713) 821-7000

Hannah Myslik Maloney
HOLLAND & KNIGHT LLP
98 San Jacinto Boulevard, Suite 1900
Austin, Texas 78701
Phone: (512) 647-4391

*Counsel for Benlin Yuan*

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2026, I filed the foregoing electronically using the Court's

CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/ Alexander E. Blanchard
Alexander E. Blanchard

## CERTIFICATE OF CONSULTATION

Based on the nature of the relief requested, it can be safely assumed that the government

opposes this motion *in limine*.

/s/ Alexander E. Blanchard
Alexander E. Blanchard