IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS

Houston Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cr-687 |
| | ) | |
| BENLIN YUAN and | ) | Hon. Kenneth M. Hoyt |
| FANYUE GONG, | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF OPPOSED MOTION *IN LIMINE* TO
EXCLUDE CONTENT FROM COOPERATING WITNESS' WECHAT ACCOUNT**

Defendant Benlin Yuan has moved to preclude the government from introducing any content from the WeChat account of the government's cooperating witness (hereinafter, "CW-1"). Dkt. 132. In its opposition, the government makes two claims—one factual, and the other argumentative—that are significantly incorrect and necessitate correction before the pretrial conference scheduled to take place on May 11, 2026.

*First*, the government categorically represents that it "never obtained [a specific DingTalk message] from CW-1 or anyone else and does not have the message in its possession." Dkt. 153 at 2; *see also id.* at 3 ("The Government never obtained the DingTalk message referenced in [Mr. Yuan's] motion from CW-1 or anyone else and does not now have [it] in its possession.").[1] This is false. In fact, the government obtained the message when it extracted data from Mr. Yuan's iPhone *last year*, and the defense first became aware of it when it reviewed data produced this year

---

[1] On May 29, 2025, at 7:39 p.m., CW-1 sent Mr. Yuan a message on DingTalk in which he conveyed that one of Mr. Yuan's alleged co-conspirators in China had separately told CW-1 to remove labels from GPUs and affix new ones. CW-1 further reported that he was asking a different alleged co-conspirator what to do. Importantly, when Mr. Yuan responded to this message, he instructed CW-1 *not* to do this and told CW-1 that all he was allowed to help with was simple packing work.

*by the government*. It is disconcerting that the government does not know this, particularly considering that the message in question (accompanied by a certified English translation) and information concerning its source were disclosed to the government on April 20, 2026 (*i.e.*, before the government opposed Mr. Yuan's motion *in limine*), when it provided notice of its anticipated expert witnesses.[2]

The original Mandarin exchange between Mr. Yuan and CW-1 (which has been in the government's possession for nearly 10 months) and an English translation thereof are attached hereto as Exhibit A.[3] Also attached hereto, as Exhibit B, are translated screenshots of the same exchange between Mr. Yuan and CW-1 that were recently taken by one of the defense's experts, who observed the constituent messages natively in Mr. Yuan's DingTalk application. Those messages show four critical things: (1) CW-1's incriminating message; (2) Mr. Yuan's exculpatory response; (3) CW-1's acknowledgment of Mr. Yuan's exculpatory response; and (4) that CW-1's original message was deleted at some point after July 7, 2026 (*i.e.*, the date on which the government seized Mr. Yuan's iPhone).

*Second*, the government shrugs off Mr. Yuan's motion, arguing that "should there be WeChat messages that the Government does not introduce that [Mr. Yuan] believes should be introduced contemporaneously, he can so move at that time." Dkt. 153 at 4. In other words, no harm, no foul. But this reasoning misses the entire point of Mr. Yuan's motion—he cannot move to introduce messages he does not have, and the reason he does not have them is because of the

---

[2] The defense has consistently expressed its concerns about the disorganization and inaccessibility of the government's discovery productions, going so far as to file a motion to exclude or compel after less formal efforts to ameliorate these shortcomings failed. It is a disturbing irony that, as it turns out, the government is not in command of what it possesses and does not fully comprehend what is in its discovery productions.

[3] CW-1's name and the name of an alleged co-conspirator have been redacted.

government's failure to preserve them. The government concedes that it did not forensically download CW-1's WeChat messages when in June 2025 it went back for more, *see id.* at 2, even though it could have. Moreover, and more alarmingly, the government admits that at that time, it "took screenshots of WeChat messages *that were relevant* to the investigation *that CW-1 identified.*" *Id.* (emphasis added). So, the government outsourced its determination of relevancy to a cooperator five months before it charged Mr. Yuan but did not preserve the entire body of communications so that he could make that determination for himself before standing trial with his liberty at stake. Gallingly, the government's dim view of Mr. Yuan's right to assess the relevancy of CW-1's Jencks statements persists. *See id.* at 4 ("[T]he Government is providing all *relevant* messages involving CW-1 in its possession." (emphasis added)).

* * *

The government's failures are not mere matters of "weight and credibility." *Id.* Rather, they strike at the very core of the protections afforded by the Fifth and Sixth Amendments. Leaving this dispute up to the jury is no remedy at all. Only exclusion will do.

3

Respectfully submitted,

*/s/ Alexander E. Blanchard*
John L. Brownlee (*pro hac vice*)
Ashley Akers (*pro hac vice*)
Alexander E. Blanchard (*pro hac vice*)
HOLLAND & KNIGHT LLP
1650 Tysons Boulevard, Suite 1700
Tysons, Virginia 22102
Phone: (703) 720-8600

Samuel J. Louis
HOLLAND & KNIGHT LLP
811 Main Street, Suite 2500
Houston, Texas 77002
Phone: (713) 821-7000

Hannah Myslik Maloney
HOLLAND & KNIGHT LLP
98 San Jacinto Boulevard, Suite 1900
Austin, Texas 78701
Phone: (512) 647-4391

*Counsel for Benlin Yuan*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 10, 2026, I filed the foregoing electronically using the Court's

CM/ECF system, which will send a notification of such filing to all counsel of record.


                                        */s/ Alexander E. Blanchard*
                                        Alexander E. Blanchard