**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | |
| | § | |
| BENLIN YUAN and | § | Case No. 4:25-cr-687 |
| FANYUE GONG, | § | |
| | § | |
| *Defendants*. | § | |

**NVIDIA CORP.'S REPLY IN SUPPORT OF MOTION TO QUASH**

**INTRODUCTION**

Defendant Benlin Yuan's response to NVIDIA's motion to quash reveals his subpoena as nothing more than a prohibited eleventh-hour "fishing expedition to see what may turn up." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 221 (1951).

Yuan spends much of his response discussing news articles about a *product he is not accused of illegally exporting*—the H20 GPU. Opp. to Mot. to Quash (ECF 156) at 2–6. It should go without saying that nothing about the H20 GPU can help Yuan's defense on charges of illegally exporting A100, H100, and H200 GPUs—different products subject to different export restrictions.

President Trump's Truth Social post and news articles about H200 GPUs do not help Yuan either. News articles and a single post that specifically acknowledges that the "Department of Commerce is finalizing the details" do not change the law. Mem. in Supp. of Mot. to Issue Subpoena (ECF 89-1) at 2. Moreover, nothing in the post or articles so much as hints that the NVIDIA products at issue in this case could be exported to China *without a license*. To the contrary, the post states that H200 GPUs could be exported only to "approved customers in China," and "under conditions that allow for continued strong National Security"—approvals and conditions that could only happen through the licensing process. *Id.* The post only confirms that a license was required to export the NVIDIA GPUs at issue at all relevant times. Any discussion between NVIDIA and the government about the availability of those licenses is irrelevant to Yuan's defense because Yuan indisputably never attempted to obtain the necessary license.

Yuan also virtually ignores a key NVIDIA argument. In its motion, NVIDIA disproved Yuan's central premise: that the government green-lighted *unlicensed* sales of H200 GPUs to China. As NVIDIA explained in its SEC filings, the law required a license for those exports. Yuan

1

relegates his entire response on this point to a footnote, arguing that the SEC filings are "competing evidence" and that public information or NVIDIA's internal documents might "point[ ] to the opposite conclusion." Opp. to Mot. to Quash at 12 n.5. But Yuan cannot point to a single article reporting that the government allowed the *unlicensed* sale of the H200 GPU (or any NVIDIA product at issue) to China and provides no basis for this Court to conclude that NVIDIA's own internal documents would or even could show otherwise. He has thus failed to "giv[e] reasons that permit[ ] a rational inference of relevance" for the documents called for by his subpoena. *United States v. Arditti*, 955 F.2d 331, 346 (5th Cir. 1992).

The remainder of Yuan's response is spent in misdirection. He insists (at 12) that the Court has already predetermined the issues in NVIDIA's motion—effectively depriving NVIDIA of the right to be heard—even though numerous courts have granted motions to quash after authorizing Rule 17(c) subpoenas. He then tries (at 13–14) to shift the burden onto NVIDIA, dispute the promptness of NVIDIA's motion, and contest the motion's merits on scattershot grounds, even though precedent refutes him at every turn. Finally, Yuan (at 10–12) maintains that his subpoena was validly issued, even though this Court has yet to issue its separate order and Rule 17(c) allows only the Court to authorize pretrial return and requires production to the Court.

Yuan's unsupported arguments fail to cast any doubt on NVIDIA's motion to quash. The documents he seeks are irrelevant to whether his licenseless export of NVIDIA products was illegal. They would be inadmissible as irrelevant and hearsay. And his requests are incurably overbroad. On top of those problems, Yuan's subpoena is invalid as inconsistent with this Court's order and Rule 17(c). The Court should grant the motion to quash.

**NATURE AND STAGE OF THE PROCEEDING**

On February 22, 2026, Defendant Benlin Yuan, who is under indictment for the unlicensed export of certain NVIDIA products to China, sought a third-party trial subpoena directed to NVIDIA. Mot. to Issue Subpoena (ECF 89). The subpoena requests "any documents, records, communications, and correspondence" from January 2025 to December 2025 related to several broad categories. *Id.* at 1. The United States opposed Yuan's motion for issuance of a subpoena on relevance, admissibility, and specificity grounds. U.S. Resp. to Mot. to Issue Subpoena (ECF 106).

The Court granted Yuan's motion over the United States's objections on April 15, 2026. The Court concluded that the "issues of hearsay, relevance, and the like are crucial matters for review for an informed ruling," and said it was granting the motion "by a separate Order." Order on Mot. to Issue Subpoena (ECF 117) at 1–2. No such separate order has been entered. Yuan nevertheless served his subpoena on NVIDIA on April 23, 2026, with a return date just six business days later (the morning of May 4, 2026), demanding that the documents be produced directly to Yuan's counsel. *See* Mem. in Supp. of Mot. to Quash Ex. A (ECF 145-1) at 1.

On Sunday, May 3, 2026, Yuan filed a motion to compel. Mot. to Compel (ECF 139). NVIDIA filed its motion to quash the next day, just six full business days after issuance of the subpoena. Mot. to Quash (ECF 144). Yuan filed a combined reply in support of his motion to compel and response in opposition to the motion to quash. *See* Opp. to Mot. to Quash at 1 n.1.

**STATEMENT OF THE ISSUE**

Whether the Court should grant NVIDIA's motion to quash because Yuan has failed to carry his burden to show that the subpoenaed documents are relevant, admissible, and have been requested with adequate specificity, which renders the subpoena "unreasonable and oppressive"

3

under Federal Rule of Criminal Procedure 17(c)(2), and because the subpoena is defective.  *See United States v. Nixon*, 418 U.S. 683, 700 (1974); *Arditti*, 955 F.2d at 345.

### ARGUMENT

Yuan has failed to make any of the three required showings under Rule 17(c).  The subpoenaed documents have no relevance to the offenses Yuan has been charged with because the law required him to have a license to export the NVIDIA products at issue, and it is undisputed that he never had one.  The documents—many of which are highly sensitive, confidential, and potentially classified—would also be inadmissible as irrelevant and hearsay.  And the subpoena is hopelessly nonspecific, seeking sweeping and vaguely defined categories of documents while burdening NVIDIA's First Amendment right to petition the government.  Moreover, the subpoena is invalid because Yuan failed to wait for this Court's separate order addressing its issuance and improperly demanded production at a date and location of his own choosing.  Fed. R. Crim. P. 17(c)(2); *see* Mem. in Supp. of Mot. to Quash (ECF 145) at 8–25.  Yuan raises three sets of counterarguments, but none has merit.

*First*, Yuan improperly characterizes (at 12) NVIDIA's motion to quash as a motion for reconsideration, insisting that the Court has already predetermined the issues when ruling on his motion for issuance of the subpoena.  If Yuan were correct, then the party served with a Rule 17(c) subpoena authorized in advance by the court would never have its objections heard.  That argument runs headlong into Rule 17(c), which expressly authorizes a motion to "quash or modify the subpoena" by the subpoenaed party.  Fed. R. Crim. P. 17(c)(2).  Indeed, courts often quash Rule 17(c) subpoenas after initially authorizing them.  *See, e.g., United States v. Hoeffner*, 254 F.R.D. 302, 304, 309 (S.D. Tex. 2008); *United States v. Gas Pipe, Inc.*, 2018 WL 5262361, at *2, *5 (N.D.

4

Tex. June 18, 2018); *United States v. Bergstein*, 2017 WL 6887596, at *1, *6 (S.D.N.Y. Dec. 28, 2017).  This Court should do the same.

*Second*, Yuan (at 13–14) attempts to shift the burden to NVIDIA, contests the promptness of the motion to quash, and disputes the motion's merits on an assortment of undeveloped grounds, but none of those arguments is availing.

Yuan's assertion (at 13) that NVIDIA bears the burden to show that his subpoena violates 17(c) is refuted by binding precedent.  The Supreme Court, Fifth Circuit, and countless district courts considering motions to quash have explained that the party propounding a Rule 17(c) subpoena bears the burden to show that the requested information is relevant, admissible, and requested with adequate specificity.  *See, e.g.*, *Nixon*, 418 U.S. at 700; *Arditti*, 955 F.2d at 435; *Hoeffner*, 254 F.R.D. at 305; *United States v. Skilling*, 2006 WL 1006622, at *6 (S.D. Tex. Apr. 13, 2006).

Given that authority, it is unsurprising that Yuan's lone citation supposedly in support of his position (at 13) is off point.  The question in *United States v. Williams*, 2007 WL 2287819 (E.D. La. Aug. 8, 2007), was whether the government had standing to move to quash a subpoena issued to a third party—a question not implicated by NVIDIA's motion.  *Id.* at *1–2.  In all events, the court stated that in the absence of the government's standing, "[t]he burden is on the court to see that the subpoena is good in its entirety and it is not upon the [subpoenaed party] to cull the good from the bad."  *Id.* at *3 (alterations in original) (quoting *Bowman Dairy Co.*, 341 U.S. at 221).  *Williams* thus offers no support for Yuan's attempt to shift the burden to NVIDIA.

Yuan's argument (at 13) that NVIDIA's motion was not prompt is equally unsupported. NVIDIA filed its motion just six full business days after being served with the subpoena, after NVIDIA attempted to resolve the issue without the Court's involvement.  That was well within

5

the accepted timeframe. *See United States v. Stanford*, 2011 WL 13202537, at \*1–2 (S.D. Tex. Sep. 2, 2011) (considering motions to quash filed 15 and 20 days after service of subpoenas). Yuan tries (at 13) to distinguish *Stanford* on the ground that the subpoenas demanded production "by INSTANTER" rather than on a particular day, but that cuts in the opposite direction. Instanter means "instantly," *Black's Law Dictionary* 947 (12th ed. 2024), so under Yuan's theory (in which a motion to quash is untimely if filed the day production is due), any motion to quash would have been untimely. That is obviously incorrect, as *Stanford*'s consideration of the motions to quash confirms.

Yuan also fails to make headway in arguing (at 13) that his subpoena is not "unreasonable or oppressive." Yuan appears to contend that Rule 17(c)'s reference to an unreasonable or oppressive subpoena calls for a separate inquiry than the relevance, admissibility, and specificity requirements set out in *Nixon*. As the Supreme Court and Fifth Circuit have made clear, however, the three-factor test captures what it means for a subpoena to be unreasonable or oppressive, *see Nixon*, 418 U.S. at 698–700; *United States v. Butler*, 429 F.3d 140, 149 (5th Cir. 2005) (per curiam), and Yuan cites no legal authority to the contrary.

Yuan insists (at 14) that he has disclaimed any intent for NVIDIA to produce privileged documents, apparently believing that this concession cures his inadmissibility problem. But even apart from privileged documents, Yuan's subpoena seeks a host of highly sensitive, confidential, and possibly classified documents, including documents containing business and customer information as well as information that the United States may believe implicates national-security concerns. Yuan should not be permitted to compel disclosure of these sensitive materials, which are inadmissible as irrelevant to his case and hearsay. *See* Mem. in Supp. of Mot. to Quash at 18–21.

6

Yuan also wrongly suggests (at 14) that no First Amendment concerns are implicated by his attempt to force NVIDIA to disclose its petitioning activities because he is a private party. That argument fails. A subpoena requested by a private party is state action because it issues in the name and under the authority of the court. *See*, *e.g.*, *Whole Woman's Health v. Smith*, 896 F.3d 362, 371 (5th Cir. 2018).

Yuan offers no reason to believe that the documents his subpoena seeks will do anything to aid his defense, no explanation for why they would be admissible, and no justification for his blunderbuss approach in defiance of Rule 17(c)'s demand for specificity. Because he has failed to carry that burden, his subpoena should be quashed. *See Arditti*, 955 F.2d at 345–46.

*Third*, Yuan also wrongly argues (at 10–12) that his subpoena was validly issued. He does not dispute that this Court stated that it would issue a separate order regarding the subpoena and has yet to do so. Nor does he offer any basis to conclude that he was permitted to supply his own return date and demand production of documents to his own counsel absent authorization from the Court. On the contrary, Rule 17(c) states that "[t]he *court* may direct the witness to produce the designated items in *court* before trial," giving the Court discretion over the return date and requiring production to the Court rather than opposing counsel. Fed. R. Crim. P. 17(c)(1) (emphases added); *see United States v. Bermingham*, 2007 WL 1052600, at *7 (S.D. Tex. Apr. 5, 2007) ("If the Court authorizes the production in advance of trial, the subpoenaed documents are to be produced in Court."); *United States v. Beckford*, 964 F. Supp. 1010, 1020–21 (E.D. Va. 1997) (explaining that Rule 17(c) "affords the court authority to decide whether production before trial is permissible at all, and, if so, when"). Yuan's failure to abide by those requirements renders his subpoena invalid.

**CONCLUSION**

NVIDIA respectfully requests that the Court grant its motion to quash.

Dated: May 14, 2026

Respectfully submitted,

*/s/ Gregg J. Costa*

Gregg J. Costa
*Attorney-in-Charge*
  Texas Bar No. 24028160
  S.D. Tex. Bar No. 32779
Jack B. DiSorbo
  Texas Bar No. 24120804
  S.D. Tex. Bar No. 3695628
GIBSON, DUNN & CRUTCHER LLP
811 Main Street, Suite 3000
Houston, Texas 77002
Telephone: (346) 718-6600
Facsimile: (346) 718-6620
*gcosta@gibsondunn.com*
*jdisorbo@gibsondunn.com*

Winston Y. Chan[*]
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 393-8200
Facsimile: (415) 393-8306
*wchan@gibsondunn.com*

Stephen J. Hammer
  Texas Bar No. 24116477
  S.D. Tex. Bar No. 3963953
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201
Telephone: (214) 698-3100
Facsimile: (214) 571-2900
*shammer@gibsondunn.com*

*Counsel for NVIDIA Corp.*

---

[*] Application for admission *pro hac vice* pending.

8

## CERTIFICATE OF SERVICE

I hereby certify that, on May 14, 2026, a true and correct copy of this document was served by CM/ECF on all counsel of record.  In addition, (1) the filing is available for viewing and downloading via the CM/ECF system, and (2) the CM/ECF system will send notification of this filing to all attorneys of record who have registered for CM/ECF updates.

_/s/ Gregg J. Costa_
Gregg J. Costa