IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS

Houston Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cr-687 |
| | ) | |
| BENLIN YUAN, | ) | Hon. Kenneth M. Hoyt |
| , | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT BENLIN YUAN'S RESPONSE IN OPPOSITION TO GOVERNMENT'S
OPPOSED MOTION TO CONTINUE**

Defendant Benlin Yuan was arrested on a complaint on November 28, 2025, and jailed for 39 days. He was indicted on December 17, 2025, and the trial was set for March 2, 2026. *See* ECF No. 45 (acknowledging Mr. Yuan had not waived his speedy trial limits). On January 24, 2026, the government filed a motion to continue all deadlines and certify the case as complex. ECF No. 64. In so doing, and the government conceded it was not ready for trial. *See id.* at 7 ("[T]he Government respectfully submits that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limit established by the Speedy Trial Act."). Mr. Yuan opposed that motion on speedy trial grounds. ECF No. 67. On February 18, 2026, Mr. Yuan's co-defendant, Fanyue Gong, also moved to continue the trial. ECF No. 80. The government advocated for Mr. Gong's requested continuance, making clear its desire to delay the trial again at Mr. Yuan's expense. *See id.* at 6; *see also* ECF No. 90 at 2 (arguing that Mr. Gong's motion to continue "should be granted"). Mr. Yuan opposed a continuance and moved to sever Mr. Gong, once again citing speedy trial grounds and insisting on his readiness for trial. *See* ECF No. 87 at 5 (asserting that "[a] joint trial would infringe upon [his] right to a speedy trial" and force him "to suffer the expense of the government's dilatoriness" in complying with its discovery obligations);

*see also* ECF No. 81 (Mr. Gong's notice that "[c]ounsel for Yuan has advised the Court that Yuan does not join [his] Motion").

On February 23, 2026, at the pretrial conference, the government moved for another continuance, claiming it needed another *60 days* to declassify and produce certain information. ECF No. 107 (Tr. of Feb. 23, 2026 Pretrial Conference) at 26:6–10. The Court pressed the government to decide whether it was ready for trial. It clearly did not get a favorable answer:

> **MR. MCINTYRE**: [W]e have never represented that we were not ready for the trial date. That has never happened.
>
> **THE COURT**: Well, are you ready?
>
> **MR. MCINTYRE**: We could be ready, Your Honor.
>
> **THE COURT**: No, no. Are you ready to go to trial next week?
>
> **MR. MCINTYRE**: We could. If we had to go to trial, we could be ready to go to trial.

*Id.* at 12:19–13:1. Mr. Yuan again opposed the government's efforts to prolong these proceedings and insisted on his right to a speedy trial. *See id.* at 36:23–24 ("[O]ur view is that this matter should proceed to trial [on March 2]."). Ultimately, the Court granted the motion for a continuance, ECF No. 112 at 1, and reset the trial for May 18, 2026, finding that the additional time was necessary "to allow reasonable time for trial preparation." ECF No. 116 at 1–2 (acknowledging Mr. Yuan has not waived speedy trial limits).

On May 7, 2026, the Court entered an Order continuing the trial "until certain evidentiary issues are resolved" and converted the May 18 trial date to an evidentiary hearing on Mr. Yuan's three motions to suppress evidence. ECF No. 157 at 2.

On May 20, at the conclusion of the evidentiary hearing, the Court, after consultation with the parties and accommodating one of government counsel's planned international vacation, reset the trial to begin on June 15, 2026 and adjusted related pretrial deadlines accordingly. ECF No.

185 (minute entry). There were no objections from any of the seven government attorneys who have appeared in this case to the June 15 trial date.[1]

Now, eleven days after both parties agreed to a June 15 trial date, and only two weeks before trial, the government yet again moves to continue the trial and all associated pretrial deadlines, citing the religious obligations of one of its seven attorneys. Mr. Yuan respectfully objects and requests that the Court deny the government's motion. This trial should begin as scheduled on June 15, 2026.[2]

## **ARGUMENT**

Mr. Yuan has constitutional and statutory rights to a speedy trial. "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. In determining whether a defendant's constitutional right to a speedy trial has been violated, courts ordinarily balance four factors: (1) the "[l]ength of delay"; (2) "the reason for the delay"; (3) "the defendant's assertion of his right"; and (4) the "prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972). If "the first three factors weigh heavily in the defendant's favor," prejudice may be presumed. *United States v. Parker*, 505 F.3d 323, 328 (5th Cir. 2007). Moreover, under the Speedy Trial Act, 18 U.S.C. §§ 3161–3174, trial must commence within seventy days of the indictment or when the defendant first appears in court, whichever is later. 18 U.S.C.

---

[1] The United States is represented by John Marck (SDTX), Aaron Jennen (DOJ-NSD), Fatema Merchant (DOJ-NSD), Liesel Roscher (SDTX), Craig Feazel (SDTX), Mark McIntyre (SDTX), and Robert Johnson (SDTX).

[2] The parties conferred on the government's desire for a continuance on Friday, May 29 and Saturday, May 30. As a result of those conversations, it became clear that if there were to be a continuance, it would likely be for more than two months, at a minimum, owing to the parties' lawyers' schedules. Mr. Yuan, despite the government's willingness not to oppose a request for termination of electronic monitoring and home confinement, rejected the offer. Mr. Yuan did not conspire with anyone to violate federal law and certainly did not smuggle GPUs, or anything else, to China. He has lived under a dark cloud for far too long and respectfully invokes his speedy trial right in order to clear his name and reclaim his life. If the government cannot be ready to try this case on June 15, it should dismiss the indictment without prejudice.

§ 3161(c)(1). While certain periods are excludable in calculating the seventy-day period, including when a continuance is granted to serve "the ends of justice," *id.* § 3161(h)(7)(A), the Speedy Trial Act explicitly forbids continuances for "lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government," *id.* at 3161(h)(7)(C).

Here, Mr. Yuan's rights to a speedy trial under the Constitution and Speedy Trial Act are both implicated by the government's latest effort to delay the trial, and because those rights must prevail, no continuance should be granted. While the personal commitments of counsel are certainly worthy of respect, the scheduling conflict of *one* of the government's *seven* attorneys simply does not overcome Mr. Yuan's entitlement to his day in court on June 15 as scheduled—a right that, as emphasized above, Mr. Yuan has consistently and repeatedly asserted.[3] *See United States v. Frye*, 489 F.3d 201, 211 (5th Cir. 2007) (observing that asserting a speedy trial right is generally "an objection to a continuance or a motion asking to go to trial"). These personal obligations, which are not among the permissible considerations upon which an ends-of-justice continuance may be premised, *see* 18 U.S.C. § 3161(h)(7)(B), similarly do not justify a further (let alone indefinite) delay. Even if they could, the balance still favors Mr. Yuan: another continuance would delay his day in court and effectively reward the government with additional preparation time.

The government has offered no persuasive reason for delaying Mr. Yuan's trial any further. The government has been investigating this case for over a year. Mr. Yuan has been under indictment for months, and the Court has already granted, over his objections, multiple continuances. Mr. Yuan, on May 20, did not object to the Court accommodating the lead

---

[3] Mr. Yuan has made every effort to be as reasonable as possible. When, at the May 20 hearing, the Court addressed rescheduling a trial date, Mr. Yuan agreed to a very brief delay in proceedings to accommodate the personal international travel plans of a different government attorney. The government attorney who now seeks a delay for other personal reasons was present during those scheduling discussions and raised no objection to the June 15 trial date.

prosecutor's personal international travel, and the government attorney now seeking a continuance did not identify any conflicts when the parties and the Court set the June 15 trial date, despite being present at the hearing. Mr. Yuan is ready for his trial and the opportunity to clear his name, and that day should come on June 15.

## <u>CONCLUSION</u>

For these reasons, the Court should deny the government's opposed motion to continue and proceed with trial on June 15 as currently scheduled.

Respectfully submitted,

*/s/ Ashley Akers*
John L. Brownlee (*pro hac vice*)
Ashley Akers (*pro hac vice*)
Alexander E. Blanchard (*pro hac vice*)
HOLLAND & KNIGHT LLP
1650 Tysons Boulevard, Suite 1700
Tysons, Virginia 22102
Phone: (703) 720-8600

Samuel J. Louis
HOLLAND & KNIGHT LLP
811 Main Street, Suite 2500
Houston, Texas 77002
Phone: (713) 821-7000

Hannah Myslik Maloney
HOLLAND & KNIGHT LLP
98 San Jacinto Boulevard, Suite 1900
Austin, Texas 78701
Phone: (512) 647-4391

*Counsel for Benlin Yuan*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2026, I filed the foregoing electronically using the Court's

CM/ECF system, which will send a notification of such filing to all counsel of record.


*/s/ Ashley Akers*
Ashley Akers