UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CRIMINAL NO. 4:25-CR-00687 |
| | § | |
| BENLIN YUAN (1) | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

In a three (3) Count Indictment filed December 17, 2025, the government charges the defendant, Benlin Yuan, with committing the offenses of: (a) conspiracy to violate the Export Control Reform Act; (b) and two counts of smuggling goods from the United States, aiding and abetting, in violation of 50 U.S.C. § 4819(a)(1), (a)(2)(A), (a)(2)(D) and (b) and Title 15, Code of Federal Regulations parts 736.2(b)(1); 742.6 and 764.2; Title 18 U.S.C. 554 and 2.

Yuan's motion to dismiss is before the Court [DE 125]. He argues that the government is violating the *Brady* requirement that it disclose discovery materials that are exculpatory and/or necessary to and material to its burden of proof pursuant to FRCP, Rule 16(a)(E)(i). *United States v. Brady,* 373 U.S. 83 (1963). When material(s) are "within the government's possession, custody or control" that are material to the defense preparation for trial, the government has a duty and obligation to produce it. Fed. R. Crim. P. 16(a)(1)(E)(i).

The defense asserts that the President, Donald J. Trump, in an April 2025, after a meeting with the CEO of Nvidia, announced that he was "considering" permitting Nvidia to sell the IH20 chip to China. Reportedly, this represented a reversal in policy, that had placed a hold on the sale of the IH20 and other "chips." However, Nvidia acknowledged that the Administration would require a license to engage in any export sales.

1 / 3

In December 2025, the Department of Justice indicted the defendant and others alleging both substantive and conspiracy counts concerning the, exportations and/or smuggling of the H100 and the H200 chips to China. As a result, the defendant seeks all communications, records, memoranda, letters and policy papers related to the Administration's decision to permit Nvidia to sell GPUs to customers in China. The defendant's request was later amended to include "GPU baseboards and GPU Servers."

The government's response, in letter form to the defense request, asserts that: (a) it has satisfied its discovery obligations under Rule 16 – Brady, Giglio and Jencks, and argues that communications between the President of the United States, the President of China and/or Novida regarding the export of GPC export are not exculpatory nor relevant to the defendant's defense. Moreover, the government argues, possession of the materials if they exists, are not in the prosecution team's possession because the White House is not part of the prosecution team.

It is the Court's view that Rule 16 obligates the government to examine any and all statements published or unpublished to determine whether any policy has been adopted by the President that tangentially or otherwise impacts the enforcement of the laws or statuses under consideration in this case. The Presidency and the Department of Justice ("DOJ") constitute one branch of government. Therefore, irrespective of the relationship between the sitting President and the DOJ, together they represent the arm or branch of the government that prosecutes persons charged with violations of federal law. Moreover, the President is authorized to set policy regarding the enforcement and application of the laws passed by Congress, such that his policy decisions may impact the prosecution of a criminal case. In this respect, the policies of the President matter and are subject to discovery under Fed. R. Civ. P., Rule 16. The President is not

exempt from the law (FRCP, Rule 16), even though it may be argued that he cannot be prosecuted for violations.

In the Court's view, the defense is entitled to materials in the government's custody, possession or control that represents Presidential policy(s) concerning the sale of GPCs to China by Nvidia or other companies.

Therefore, the Court DIRECTS the government to provide to the defense any policy documents established by the President that concern the export or sale of the GPC's chips and baseboards to China.

The defendant's motion to dismiss is denied without prejudice.

It is so Ordered.

SIGNED on June 1, 2026, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge