UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CRIMINAL NO. 4:25-CR-00687 |
| | § | |
| BENLIN YUAN (1) | § | |
| | § | |
| Defendant. | § | |

## <u>ORDER ON DEFENDANT'S RULE 17(C) SUBPOENA</u>

Before the Court is, third-party's, Nvidia Corp's motion to quash [DE 144] the defendant's, Benlin Yuan, Fed. R. Crim. P., Rule 17(e) subpoena *duces tecum* [DE 139]. Also, before the Court are the defendant's reply [DE 156], Nvidia Corp's response in opposition [DE 158], and reply [DE 171]. The government, as well, has filed a motion to quash the defendant's subpoena [DE 176]. The Court has reviewed the motions, responses and replies and determines that the defendant's Rule 17(e) motion should be quashed.

## I.

These motions and responses arise in the context of a criminal complaint filed against the defendant where the government alleges that the defendant violated the Export Control Reform Act and the Export Administration Regulations. The defendant asserts in his motion that he is persuaded that the President of the United States, who has the authority to establish policies that impact the Act and/or how the Act is enforced, has done so in favor of Nvidia. In this regard and based on press releases, the defendant seeks any regulation modifications that might impact the Department of Justice's enforcement of the Act. Hence, the defendant seeks exculpatory materials that might impact the prosecution of this case against him for Nvidia.

**II.**

In order for the defendant to prevail on his motion, he must show, pursuant to Fed. R. Crim. P., Rule 17, that the requested materials contain admissible evidence with respect to the charged offense. *See United States v. Nixon*, 418 U.S. 683, 700 (1974). The breathe of the sought after materials establishes that the production, if possible, exceeds the materials that re relevant to this case. Because the "net casted" is bound to catch privileged materials, the chore of sorting far exceed the intent of Rule 17(c). Aside from the breathe of material dilemma, there is no showing that any exculpatory materials exists.

The Court is, therefore, of the view and HOLDS that the defendant's motion for a Rule 17(c) subpoena should be, and it is Hereby Quashed.

It is so Ordered.

SIGNED on June 1, 2026, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge