IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS

Houston Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cr-687 |
| | ) | |
| BENLIN YUAN, | ) | Hon. Kenneth M. Hoyt |
| | ) | |
| Defendant. | ) | |

**DEFENDANT BENLIN YUAN'S OPPOSITION TO
GOVERNMENT'S MOTION FOR CLARIFICATION**

On June 23, 2026, the Court, in a five-page memorandum opinion, provisionally granted

Defendant Benlin Yuan's motion to exclude third-party WeChat messages and held that the

messages were, among other things, inadmissible hearsay. *See* ECF No. 254 at 5. The Court

thoroughly explained the ways in which the government has thus far failed to carry its burden,

under Rule 801(d)(2)(E) of the Federal Rules of Evidence, of demonstrating that Mr. Yuan

knowingly conspired with the third-party participants in an array of WeChat messages that the

government had been intending to introduce at trial. Because those WeChat messages do not

constitute co-conspirator statements vis-à-vis Mr. Yuan and are otherwise inadmissible hearsay,

the Court properly granted Mr. Yuan's motion *in limine* to exclude them. *See id.*

Although the Court's order, like its underlying reasoning, is clear, the government has

asked the Court to "clarify" its decision. Apparently, the government is confused about the Court's

use of the word "provisionally," especially concerning certain findings the Court made in its order

regarding the existence of a broader conspiracy (not involving Mr. Yuan, as the Court properly

determined) and findings the Court made in two *separate* orders concerning *different* evidentiary

rulings. But the government's motion itself makes plain that there is nothing confusing about the

Court's provisional order or its findings; rather, the government merely disagrees with the ruling

and is attempting to salvage what little is left of its case. Thus, there is nothing to clarify, and the government's motion should be denied.

### ARGUMENT

The Court's order is unambiguous: the third-party WeChat messages are provisionally excluded—*i.e.*, the government is precluded from introducing them at trial unless it can somehow show either that the messages are co-conspirator statements within the rubric of Rule 801(d)(2)(E) and therefore not hearsay or that they are otherwise covered by an exception to the rule against hearsay.[1] Failing to identify a single thing about the Court's order that actually needs clarification, the government instead quibbles over the Court's use of the word "provisionally" and, in doing so, collaterally challenges other Court orders and findings. These are not legitimate grounds for relief nor are they timely. Accordingly, the Court can make quick work of the government's motion by summarily denying it.

As an initial matter, there is nothing confounding or even unusual about provisionally excluding evidence in ruling on a motion *in limine*. Indeed, as a general matter, "*in limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000). In other words, an order granting a pretrial motion to exclude certain evidence is by its very nature provisional. *See Luce v. United States*, 469 U.S. 38, 41 (1984) ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."); *Sanders v. Univ. of Idaho, Coll. of L.*, 634 F. Supp. 3d 923, 927 (D. Idaho 2022) ("[R]ulings on motions in

---

[1] As articulated in Mr. Yuan's motion *in limine*, the government is incapable of satisfying any of the elements of Rule 801(d)(2)(E). This is all the more so now, considering other categories of the government's evidence that the Court has excluded. *See, e.g.*, ECF Nos. 233 (suppressing contents of electronic devices seized at border), 234 (suppressing Mr. Yuan's statements during pre-arrest interview), 253 (excluding cooperating witness WeChat messages), 255 (excluding testimony of Alan Hsu).

limine are provisional[.]"); *United States v. Beasley*, No. 3:20-CR-36, 2020 WL 6438255, at *1 (S.D. Miss. Nov. 2, 2020) (noting that a pretrial order excluding evidence is inherently conditional because it typically "does not preclude the party sponsoring the evidence from revisiting the issue at trial," and concluding that the government may not mention certain evidence "without first obtaining a ruling from the Court that the evidence has become admissible").

Perhaps realizing this, the government argues that the meaning of the word "provisionally" is important considering, first, the Court's finding that "certain individuals" were engaged in a broader conspiracy not involving Mr. Yuan; second, the Court's finding in a separate order excluding other government evidence of an alleged broader conspiracy not involving Mr. Yuan; and third, the Court's finding in yet another separate order that the government lacked probable cause to arrest Mr. Yuan. None of the government's objections necessitate "clarification."

First, the government highlights the Court's finding that "[i]t is clear from the pleadings that certain individuals and/or entities were engaged in a conspiracy to export or smuggle GPUs," ECF No. 260 at 2 (quoting ECF No. 254 at 3), suggesting that it cannot be reconciled with the Court's decision to provisionally exclude the third-party WeChat messages. But the government ignores the rest of the paragraph, which states that, despite the potential existence of a broader conspiracy, for the WeChat messages to be admissible against Mr. Yuan under Rule 801(d)(2)(E), the government must show that *he* "willingly" or "intentionally" joined an ongoing conspiracy. ECF No. 254 at 3. The remainder of the Court's order details how the government has thus far failed to do so. *See id.* at 4–5. This makes sense, because notwithstanding the potential existence of a broader conspiracy, if the government cannot show, even by a preponderance of the evidence, that *Mr. Yuan* joined that conspiracy, the third-party WeChat messages are plainly inadmissible pursuant to Rule 801(d)(2)(E). The government's citation to the WeChat messages themselves as evidence of a broader conspiracy, *see* ECF No. 260 at 2, does not move the needle (because the

3

Court already considered this evidence and found it insufficient to establish Mr. Yuan's knowing participation in furtherance of that conspiracy, *see* ECF No. 254 at 4–5) nor could it, *see* Fed. R. Evid. 801(d)(2) ("The statement . . . does not by itself establish . . . the existence of the conspiracy *or participation in it*." (emphasis added)). Thus, the government's contention that this part of the Court's order requires clarification is unavailing.

Second, the government's argument that the Court's order needs clarification in light of the Court's ruling in a separate order granting Mr. Yuan's motion to exclude the testimony of Mr. Hsu also fails.[2] Simply put, that ruling has nothing to do with the clarity of the Court's June 23, 2026 order. As the government acknowledges, Mr. Hsu did not participate in the WeChat messages implicated by that order. Nor did Mr. Hsu conspire with Mr. Yuan. As already stated, the existence of a separate, broader conspiracy, including one of which Mr. Hsu may have been a part, has no impact whatsoever on whether the third-party WeChat messages are statements of *Mr. Yuan's* co-conspirators for purposes of Rule 801(d)(2)(E). This then, too, does not demand clarification.

Lastly, the government's contention that the order needs clarification considering the Court's finding (in, again, an entirely separate order) that the government lacked probable cause to arrest Mr. Yuan is likewise unfounded. As with the Court's order excluding Mr. Hsu's testimony, this order, which suppressed statements made by Mr. Yuan during an unconstitutional custodial interview, has no bearing on the clarity of the Court's June 23, 2026 order.[3] Tellingly,

---

[2] Mr. Yuan moved to preclude Mr. Hsu from testifying at trial because his testimony is irrelevant and substantially outweighed by the dangers identified in Federal Rule of Evidence 403. *See* ECF No. 159. The Court granted Mr. Yuan's motion, finding that Mr. Hsu's testimony would not assist a jury in understanding Mr. Yuan's role in the alleged conspiracy and that it would be prejudicial. *See* ECF No. 255 at 3–4.

[3] The Court's order granting Mr. Yuan's motion to suppress his statements did not hinge on the Court's separate observation that "probable cause for the defendant's arrest was absent"; rather, it stemmed from the Court's finding that Mr. Yuan was in custody—and thus should have been read his *Miranda* rights—based on other factors, such as Mr. Yuan's limited ability to understand English and the accusatory nature of the questioning. *See* ECF No. 234 at 4–6. As such,

the government does not even attempt to explain how these orders are inconsistent or how the suppression order makes the Court's June 23, 2026 order unclear. While it is evident that the government disagrees with the Court's orders, it is equally plain that this disagreement is not a basis for clarification, reconsideration, or any other form of requested relief.

## CONCLUSION

For these reasons, the Court should deny the government's motion for clarification.

Respectfully submitted,

*/s/ Alexander E. Blanchard*
John L. Brownlee (*pro hac vice*)
Ashley Akers (*pro hac vice*)
Alexander E. Blanchard (*pro hac vice*)
HOLLAND & KNIGHT LLP
1650 Tysons Boulevard, Suite 1700
Tysons, Virginia 22102
Phone: (703) 720-8600

Samuel J. Louis
HOLLAND & KNIGHT LLP
811 Main Street, Suite 2500
Houston, Texas 77002
Phone: (713) 821-7000

Hannah Myslik Maloney
HOLLAND & KNIGHT LLP
98 San Jacinto Boulevard, Suite 1900
Austin, Texas 78701
Phone: (512) 647-4391

*Counsel for Benlin Yuan*

---

the Court's order granting Mr. Yuan's motion to suppress is in no way at odds with the Court's order provisionally excluding third-party WeChat messages.

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2026, I filed the foregoing electronically using the Court's

CM/ECF system, which will send a notification of such filing to all counsel of record.


*/s/ Alexander E. Blanchard*
Alexander E. Blanchard