IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS

Houston Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cr-687 |
| | ) | |
| BENLIN YUAN, | ) | Hon. Kenneth M. Hoyt |
| | ) | |
| Defendant. | ) | |

**DEFENDANT BENLIN YUAN'S OPPOSED MOTION TO MODIFY THE CONDITIONS OF HIS PRETRIAL RELEASE**

"Our U.S. Attorney has approved removal of the defendant's ankle bracelet[.]" Ex. A at 1. So said the government on May 29, 2026.[1] Yet when defense counsel asked the government on August 27, 2026, whether it would consent to the instant motion requesting that the Court relieve Benlin Yuan of the obligation to wear an ankle monitor as a condition of his pretrial release, the government said no. This about-face cannot be explained by Mr. Yuan's record on release, which remains spotless, nor by any pushback from Pretrial Services, which supported the cessation of electronic monitoring when it was initially proposed. *See id.* ("We have spoken to Probation and they are in agreement with these proposed conditions."). Moreover, the government's reversal is not consistent with its position since it failed to convince the Fifth Circuit to detain Mr. Yuan pending trial, during which time it has twice agreed to defense motions to relax the conditions of Mr. Yuan's release. *See* Dkt. Nos. 96, 244. So, what has changed in three months' time?

[1] As context, at that time, the government was seeking a continuation of the trial date and the parties were negotiating the potential terms of Mr. Yuan's assent to the government's then-forthcoming motion. Those negotiations were aborted soon thereafter when it became clear to Mr. Yuan that a continuance would likely be on the order of months rather than days or weeks and upon his unwillingness to abandon his insistence on a speedy trial. Accordingly, when the government moved for the continuance, Dkt. No. 216, Mr. Yuan opposed it, Dkt. No. 217. Ultimately, the Court sided with Mr. Yuan and denied the government's motion. Dkt. No. 224.

Procedurally, a great deal, especially regarding the increasingly enfeebled state of the government's case against Mr. Yuan.

Since the government made the representation excerpted above, the Court has granted numerous defense motions, including two motions to suppress evidence for constitutional violations (Dkt. Nos. 233, 234), three motions to exclude evidence (Dkt. Nos. 225, 254, 255), and a motion to strike (Dkt. 291), prompting two notices of appeal (Dkt Nos. 262, 278) that have, once again, put this case on ice. As of this motion's submission, those appeals remain unconsolidated by the Fifth Circuit and no briefing notice has issued. Thus, it will be at least several months before Mr. Yuan can even hope for a resolution of his case. Hence his reasonable request for an additional modification of pretrial-release conditions, previously signed off on by the U.S. Attorney himself,[2] that the government now seemingly opposes in a fit of pique rather than for any rational reason.

Accordingly, over the government's objection and pursuant to 18 U.S.C. § 3142(c)(3), Mr. Yuan seeks a modification of the conditions of his pretrial release. In support thereof, Mr. Yuan states as follows:

1. At a detention hearing conducted on January 5, 2026, Dkt. 46, and in a written order shortly thereafter, Dkt. 47, the Court directed that Mr. Yuan be released immediately subject to a variety of conditions previously imposed by a Magistrate Judge in the Eastern District of Virginia where Mr. Yuan was arrested. Among those conditions was home detention with electronic monitoring. *See* Ex. C to Mot., *United States v. Benlin Yuan*, No. 26-20005 (5th Cir. Jan. 15, 2026), Dkt. 23-4 at 2–3.

---

[2] The U.S. Attorney who authorized the removal of Mr. Yuan's electronic monitoring device, the Honorable John G.E. Marck, was formerly counsel of record in this matter and has since been confirmed as a District Judge of this Court. 172 Cong. Rec. S3716 (daily ed. June 24, 2026).

2. On March 31, 2026, the Court granted Mr. Yuan's first unopposed motion to modify his pretrial release conditions, permitting him to walk his dogs and use the gym for exercise. Dkt. No. 113.

3. On June 24, 2026, the Court granted Mr. Yuan's second unopposed motion to modify his pretrial release conditions, replacing home detention with a curfew (but prohibiting Mr. Yuan from entering any port of the United States except as necessary to travel to and from this District for court appearances). Dkt. No. 256.

4. Undersigned counsel represent that to date, Mr. Yuan has fully complied with the myriad conditions governing his release. He has also traveled from Virginia to Texas numerous times to appear at hearings in this case.

5. In light of his unblemished record, and considering the substantial delay he now faces before there can be any resolution of his case, Mr. Yuan respectfully asks the Court to end the condition of pretrial release that requires him to participate in the location monitoring program while leaving all other conditions in place.

WHEREFORE, Mr. Yuan respectfully requests that the Court enter an order in the same or substantially the same form as the proposed order accompanying this motion.

Respectfully submitted,

*/s/ Alexander E. Blanchard*

John L. Brownlee (*pro hac vice*)
Ashley Akers (*pro hac vice*)
Alexander E. Blanchard (*pro hac vice*)
HOLLAND & KNIGHT LLP
1650 Tysons Boulevard, Suite 1700
Tysons, Virginia 22102
Phone: (703) 720-8600

Samuel J. Louis
HOLLAND & KNIGHT LLP
811 Main Street, Suite 2500
Houston, Texas 77002
Phone: (713) 821-7000

Hannah Myslik Maloney
HOLLAND & KNIGHT LLP
98 San Jacinto Boulevard, Suite 1900
Austin, Texas 78701
Phone: (512) 472-1081

*Counsel for Benlin Yuan*

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2026, I filed the foregoing electronically using the Court's CM/ECF system, which will send a notification of such filing to all counsel of record.

*/s/ Alexander E. Blanchard*
Alexander E. Blanchard

## CERTIFICATE OF CONSULTATION

I hereby certify that on August 27, 2026, counsel for the government represented that the government opposes the relief requested in this motion.

*/s/ Alexander E. Blanchard*
Alexander E. Blanchard